592 So.2d 647 (1991)
N.D.T.
v.
STATE.
CR 90-1125.
Court of Criminal Appeals of Alabama.
November 15, 1991.
*648 Richard K. Keith and Paul R. Cooper of Cooper & Cooper, Montgomery, for appellant.
James H. Evans, Atty. Gen., and Robert C. Ward, Jr., Asst. Atty. Gen., for appellee.
BOWEN, Judge.
This is an appeal from the order of the Juvenile Court of Montgomery County transferring 17-year-old N.D.T., the appellant, to circuit court for criminal prosecution as an adult on a charge of the murder of Robert James Soles. The appellant raises three issues on this appeal from that order of transfer.

I.
The appellant argues that probable cause may not be based on hearsay and double hearsay that is not corroborated by other testimony. This argument attacks the sufficiency of the evidence to support the juvenile court's order of transfer.
Our review of the record discloses that this issue was never presented to the juvenile court by this particular appellant. "Matters not objected to at trial cannot be considered for the first time on appeal, since review on appeal applies only to rulings by the trial court." Adams v. State, 585 So.2d 161, 164 (Ala.1991).
In this case, four juveniles (the appellant, L.C., C.R.S., and D.T.D.) were charged in a petition alleging that each was delinquent in connection with the intentional murder of Robert James Soles. One transfer hearing was held for all four juveniles. At that hearing, each juvenile was represented by different counsel. The prosecution introduced into evidence the statement each juvenile had given the police. In his statement, the appellant admitted being in the automobile when the fatal shot was fired by D.T.D. The statements of the other three juveniles either directly or indirectly identified the appellant as having fired the fatal shot.
At the conclusion of all the evidence, defense counsel for the appellant argued that the appellant should be left in the juvenile system where "he could turn himself around [if] given the proper chance." R. 152. However, defense counsel for the appellant did not suggest that there was insufficient evidence of probable cause to believe that the appellant was involved in the crime. In fact, the record before this Court contains no objection to the juvenile court's finding of probable case. Furthermore, the record does not show that the appellant's counsel ever raised an objection concerning hearsay or lack of corroboration before the juvenile court, although that issue was raised by other defense counsel.
The hearsay and confrontation clause issues this Court addressed in O.M. v. State, [Ms. CR-90-573, September 20, 1991], 1991 WL 197845 (Ala.Cr.App.1991), and D.D.P., M.M.A., R.D.P., and R.R.G. v. State, [Ms. 90-135, September 20, 1991], 1991 WL 197844 (Ala.Cr.App.1991), were not preserved for appellate review by this appellant. See United States v. Archie, 452 F.2d 897, 899 n. 2 (3d Cir.1971), cert. denied, 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804 (1972); Jones, Gordon and Talton v. State, 591 So.2d 569 (Ala.Cr.App. 1991). See also King v. State, 521 So.2d 1360, 1362-63 (Ala.Cr.App.1987). Although this Court can speculate how the juvenile court would have ruled had this precise issue been presented, the fact remains that the juvenile court was never called upon to make that determination.

II.
In his second and third issues, the appellant argues that his prior delinquency *649 record and the nature of his past treatment efforts do not justify his transfer to circuit court.
In ordering the transfer of the four juveniles, the judge of the juvenile court stated:
"In reviewing amenability of this nature, regardless of the lack of record of some of the defendants and the possibility of treatment in the juvenile system, the Court in these cases must be completely swayed by the fact that the charge in this case is murder. If found guilty, the Court does not believe that there is sufficient placement or treatment in the juvenile court to handle a murderer under circumstances such as this of a drive-by shooting.
"The interests of the community are certainly extremely high that incidents such as this not happen and then, when they do, the people found guilty be punished to the fullest extent of the law. The most that could be done in the juvenile system is that they remain in the custody of the Department of Youth Services until they are twenty-one years of age, approximately no more than five years. That would be at the absolute maximum.
"The interests of the children, I think, in this case are also consistent with transfer to adult court because of the nature of the evidence. The Court has found there's probable cause to go further in this case, but that is a long way from a finding of guilt and a long way from the State being able to prove guilt in these cases beyond a reasonable doubt. Considering the cross finger pointing that's going on and the statements and the evidence as presented, I think in these cases the availability of a jury trial in the adult system would be in the best interest of the children, in that when it comes down to deciding who's telling the truth and who's not, sometimes the wisdom of twelve is better than the wisdom of one." R. 156-58.
However, the appellant's argument is based on just two of six factors the juvenile court must consider before ordering a juvenile transferred to circuit court for criminal prosecution as an adult.
"Evidence of the following and other relevant factors shall be considered in determining whether the motion [to transfer] shall be granted:
"(1) The nature of the present alleged offense;
"(2) the extent and nature of the child's prior delinquency record;
"(3) The nature of past treatment efforts and the nature of the child's response to such efforts;
"(4) Demeanor;
"(5) The extent and nature of the child's physical and mental maturity; and
"(6) the interests of the community and of the child requiring that the child be placed under legal restraint or discipline."
Ala.Code 1975, § 12-15-34(d). "The trial judge can assign appropriate weight to [these] six factors ... as well as other relevant circumstances. The statute does not require that specific weights be assigned to different factors and circumstances. Consequently, the trial judge is free to consider each case individually and balance the particular circumstances involved." Williams v. State, 494 So.2d 887, 890 (Ala.Cr.App.1986).
Although the record of the appellant's past treatment shows that he only had a 30-day commitment to the Department of Youth Services, it also shows that he went absent without leave from the Glenwood Wilderness Program to which he had been referred and which he never completed. Other evidence identifies the appellant as the "trigger-man" in the drive-by shooting murder of another juvenile. There was testimony that after the shooting, the appellant and another juvenile, who was not involved in this murder but was involved in the homicide of another juvenile that had recently occurred at a local skating rink, buried the murder weapon, a .22 caliber rifle. There was also evidence that the appellant was a member of the Vice Lords, a juvenile gang.
*650 Like the weighing of aggravating and mitigating circumstances in a deciding whether the death penalty should be imposed, the weighing of the six statutory factors and other considerations in determining whether a juvenile should be transferred from the juvenile court to the circuit court for criminal prosecution as an adult does not involve "a mere tallying of [the] circumstances for the purpose of numerical comparison." Clisby v. State, 456 So.2d 99, 102 (Ala.Cr.App.), affirmed, 456 So.2d 105 (Ala.1983), cert. denied, 470 U.S. 1009, 105 S.Ct. 1372, 84 L.Ed.2d 391 (1985). Rather, it is a balancing and weighing process wherein one statutory factor may outweigh the remaining five statutory factors.
We find that the evidence is clear and convincing in support of the juvenile court's determination at the disposition hearing that it is in the best interests of the child and the public to transfer the child for criminal prosecution. The judgment of the juvenile court transferring the appellant to circuit court for criminal prosecution as an adult is affirmed.
AFFIRMED.
All Judges concur.