MONTIEL, Judge.
This is an appeal from a juvenile transfer order. A petition of delinquency was filed against the appellant for first degree robbery, committed in violation of § 13A-8-41, Code of Alabama 1975. In his statement of the issues, the appellant alleges that the trial court erred in (1) in denying his motion for further mental and psychological evaluations; (2) in refusing to allow a psychologist to testify as to what he would consider to be in the best interest of the appellant; (3) in failing to consider the six enumerated factors set out in § 12-15-34(d), Code of Alabama 1975; and (4) in transferring the juvenile to circuit court, even though he had not received treatment in the juvenile court system. In his argument in his brief, the appellant addresses only the second and third enumerated allegations of error. None of the issues raised by the appellant have merit. The record reveals that the trial court did not err in granting the State’s motion to transfer.
The record reveals that the appellant, who was 15 years old at the time of the offense, and another male, who was 20 years old, entered Folds Furniture Store on August 26,1991. Billy Folds, the owner of the store, testified that the appellant hit him in the head with a glass vase. When Folds fell to the floor, the other assailant began beating him with a chair. The other man took Folds’s wallet, and both assailants ran out of the store. Folds’s injury required five or six stitches. Folds’s wallet contained $214 in cash and a check for at least $20.
The appellant’s probation officer testified that petitions charging automobile theft had been signed against the appellant on July 16 and July 18, 1991. Both of the charges were still pending at the time of the transfer hearing. The thefts occurred during one weekend when the appellant and some other males took several cars from the same establishment. The cars were missing the entire weekend and were substantially damaged. The probation officer also testified that the appellant communicated well and that he understood the nature and seriousness of the charges against him. He further testified that the appellant had not received any prior treatment through the juvenile court system. He did not make a recommendation to the court regarding the treatment of the appellant, but acknowledged the seriousness of the offense.
Dr. Charles Rubio, a clinical psychologist, testified for the appellant. He testified that testing revealed that the appellant had a below-average I.Q. The appellant’s scores on the individual tests ranged from low to high average. He further testified that the appellant was articulate and that he made appropriate responses. He testified that after his evaluation, he suggested that the appellant be evaluated for a couple of weeks in an institutional setting. On cross-examination, Dr. Rubio testified that the appellant’s I.Q. range was normal. He also testified that the appellant was not mentally retarded and that he should not be committed to a facility for the mentally ill. He further testified that the appellant understood the nature of his behavior and that he appreciated the consequences of his actions.
The record reveals that the juvenile court granted the appellant’s initial motion for a mental evaluation. This evaluation was performed shortly before the transfer hearing. Dr. Rubio testified that the appellant understood the nature and consequences of his behavior. He further testified that the appellant was not mentally retarded or committable to an institution for the mentally ill. A review of the record indicates that the juvenile court did not err in denying the appellant’s motion for further mental evaluations. See generally Taylor v. State, 507 So.2d 1034 (Ala.Crim. App.1987) (no error in denying motion to continue to allow further mental examination).
The juvenile court also did not err in refusing to allow Dr. Rubio to testify as to *1118 what was in the best interest of the appellant. Section 12 — 15—34(b) provides that it is the role of the court to determine whether granting a motion to transfer is in the best interest of the child or the public. “The final determination of whether to transfer the minor for criminal prosecution must be made by the juvenile court judge, and not by the state’s attorney, probation officer, experts, or a parent.” Palmer v. State, 485 So.2d 1247, 1248 (Ala.Crim.App.1986) (citation omitted). Even if the juvenile court had erred in refusing to allow the testimony, any error would have been harmless. The juvenile court clearly considered Dr. Rubio’s testimony in reaching its conclusion.
The record indicates that the juvenile court considered all of the factors enumerated in § 12 — 15—34(d) in reaching its determination. The juvenile court order also clearly indicates that the court considered the lack of treatment received by the appellant through the juvenile court system. The court order reveals, however, that the lack of treatment in the juvenile court system was outweighed by the seriousness of the offense. See Palmer. “The trial judge can assign appropriate weight to the six factors listed in § 12-15-34(d) as well as other relevant circumstances. The statute does not require that specific weights be assigned to different factors and circumstances involved.” Williams v. State, 494 So.2d 887, 890 (Ala. Crim.App.1986). “One statutory factor may outweigh the remaining statutory factors.” N.D.T. v. State, 592 So.2d 647 (Ala. Crim.App.1991). “Consequently, the trial judge is in the best position to consider each case individually and balance the particular circumstances involved.” Williams, 494 So.2d at 890. The juvenile court’s order of transfer is supported by clear and convincing evidence. See D.D.P. v. State, 595 So.2d 528 (Ala.Crim.App. 1991).
AFFIRMED.
All the Judges concur.