MONTIEL, Judge.
The appellant, A.M., appeals from the order transferring his case from juvenile court to the circuit court on the charge of receiving stolen property. On November 13, 1991, a delinquency petition was filed against the appellant, alleging that he did receive, retain, or dispose of stolen property, specifically a 1989 Pontiac Grand Am automobile, in violation of § 13A-8-17, Code of Alabama 1975. A transfer hearing was held, and on March 2, 1992, the juvenile court ordered the case to be transferred to the circuit court. The appellant raises three issues on appeal.
I
The appellant alleges in both issue one and issue three that the State failed to present sufficient evidence to connect the appellant with the crime charged. The appellant contends that the State failed to present clear and convincing evidence of the appellant’s connection with the crime. Thus, he argues, there can be no finding of probable cause. Accordingly, he asserts that it was an abuse of discretion to transfer the case to circuit court. The State contends that sufficient evidence of the crime was presented; thus, the juvenile court’s determination to transfer must be affirmed on appeal absent a showing that it was clearly erroneous.
Before addressing the merits of the appellant’s contentions, a brief discussion of the burdens of proof required at the different phases of the transfer hearing and the concomitant standards of appellate review is in order.
“Transfer hearings are divided into two phases, the probable cause hearing and the dispositional hearing. At the probable cause hearing, the juvenile court de *370 termines whether there is probable cause to believe that the child committed the alleged crime. At the dispositional hearing, the juvenile court determines whether it is in the best interest of the child or the public to transfer the child.”
Ex parte J.R., 582 So.2d 444, 445 n. 1 (Ala.1991), (Kennedy, J. dissenting from denial of cert.), cert. denied, — U.S. -, 112 S.Ct. 122, 116 L.Ed.2d 90 (1991). Different standards are applied to the probable cause phase of the hearing and to the dispositional phase of the hearing on appeal.[1]
“A hearing on a motion to transfer has been said to be properly classified as a probable cause hearing. Winstead v. State, Ala., 371 So.2d 418 (1979); Brown v. State, Ala., 353 So.2d 1384 (1978). Such a hearing is not designed to determine the guilt or innocence of the child accused of the crime, but is instead a hearing to determine whether the child should be transferred out of the juvenile court for criminal prosecution as an adult. Brown, supra. The finding of probable cause is an essential element of the decision to transfer.
“Probable cause has been defined by this Court as that which would ‘warrant a man of reasonable prudence and caution in believing that the offense has been committed and that the person in question is the offender' Vincent v. State, 349 So.2d 1145 (1977).
“... This court has further held that we will not interfere with a lower court’s order transferring a juvenile to circuit court unless that order is clearly erroneous. Williams v. State, Ala., 361 So.2d 1157 (1978).”
Duncan v. State, 394 So.2d 930, 932 (Ala.1981).
During the dispositional phase of the hearing, the juvenile court must determine whether it would be in the best interest of the child of the public to transfer the case to circuit court. See, generally, § 12-15-34, Code of Alabama 1975. This court in O.M. v. State, 595 So.2d 514 (Ala.Crim.App.1991), writ quashed, 595 So.2d 528 (Ala.1992) adopted the “clear and convincing” standard of proof required for the disposi-tional phase of the hearing as set out in Justice Kennedy’s dissent in Ex parte J.R., 582 So.2d 444. See also W.T.K v. State, 598 So.2d 33 (Ala.Crim.App.1992), cert. denied, — U.S. -, 113 S.Ct. 173, 121 L.Ed.2d 120 (Ala.1992); T.J. v. State, 611 So.2d 1116 (Ala.Crim.App.1992). This standard states:
“An appellate court must find, within the record, clear and convincing evidence in order to affirm a juvenile court’s determination at the disposition hearing that it is in the best interest of the child or the public to transfer the child for criminal prosecution.”
Ex parte J.R., 582 So.2d 444, 448.
With the above standards in mind, we will now focus on the merits of the appellant’s contention that the State failed to present sufficient evidence to support a finding of probable cause. The delinquency petition charged the appellant with receiving stolen property in the first degree, specifically a 1989 Pontiac Grand Am automobile valued at $7000, in violation of § 13A-8-17, Code of Alabama 1975. Section 13A-8-17, Code of Alabama 1975, provides: “Receiving stolen property which exceeds $1000.00 in value constitutes receiving stolen property in the first degree.” Section 13A-8-16, Code of Alabama 1975, defines the crime of receiving stolen property. It states:
“A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with the intent to restore it to the owner.”
Testimony elicited at the transfer hearing indicated that on November 12, 1991, Michael Markham was traveling in his car *371 when he heard a report on his CB radio regarding a stolen vehicle. The car had a personalized license plate of N-U-P-E-9. Markham spotted a car matching the description and notified the police.
Police Officer Jeff Jones stopped the car, which was being driven by the appellant. He stated that the car driven by the appellant was an 1989 Pontiac Grand Am with a personalized license plate reading N-U-PE-9. He identified the appellant as the driver of the automobile in question.
Ray Chaffin, a detective for the Hoover Police Department, testified that he talked with the appellant on November 12, 1991. When Chaffin asked the appellant about the vehicle in question, the appellant indicated that he had never seen the vehicle before. However, the appellant apparently indicated later in their conversation that he had spent the night in the car.
Tanorence Moorer, the owner of the car at the time it was stolen, testified at the transfer hearing. He indicated that his car was a 1989 Pontiac Grand Am with a personalized license plate reading N-U-P-E-9. He estimated that on November 12, 1991, the car had a value of $9,000. Moorer indicated that he had never given the appellant permission to drive the car.
The appellant asserts that the State failed to present evidence that the appellant was in fact in receipt of stolen property because the owner of the stolen automobile could not identify the automobile driven by the appellant as being the same automobile that was stolen from him. In support of his contention, he points out that the vehicle identification number (VIN) charged in the delinquency petition differs from the VIN of the stolen automobile as testified to by the owner during the transfer hearing.
The VIN shown on the delinquency petition and the VIN of the stolen automobile, as stated by the owner at the transfer hearing, do in fact differ slightly. The delinquency petition charged the appellant with being in receipt of a stolen automobile with a VIN 1G2NE14U2KC812982. Moor-er, the owner of the stolen car, was asked during the transfer hearing if he had papers that would show the VIN of his stolen automobile. In response to this inquiry, Moorer read the number, 1V2NE1402TKB812982.
Although these two VINs are different, we do not think that this renders the evidence insufficient. The VIN was not the only means available for the State to prove that car driven by the appellant was in fact the same car that had been reported stolen by the owner. Testimony elicited from several witnesses regarding the description of the automobile driven by the appellant indicated that it matched the description of the automobile that had been reported stolen, including the personalized license plate. Further, the owner identified the car in State’s exhibit 3 as his automobile. This court has previously determined that the testimony of the owner of the car that the car belonged to him was sufficient to prove ownership. See Pardue v. State, 571 So.2d 320 (Ala.Crim.App.1989), rev’d on other grounds, 571 So.2d 333, on remand, 571 So.2d 335 (Ala.Crim.App.1990). Additionally, the VIN, as stated by the owner in the transfer hearing, was read from a written estimate of the value of the car. The owner indicated that he had not copied this VIN onto the estimate and that he did not know if the VIN was correct. Finally, it should be noted that the VIN testified to by the owner and that contained in the delinquency petition varied only slightly.
We find that the State presented sufficient evidence for a reasonable man to believe that the appellant was in receipt of stolen property. Accordingly, the juvenile court’s finding of probable cause is not clearly erroneous and is due to be affirmed on appeal.
II
The appellant contends that even if probable cause could be established, it was not in the best interest of the public or of the appellant to transfer the case to circuit court. The juvenile court transfer order clearly indicates that the court considered all the factors enumerated in § 12-15-34(d), Code of Alabama 1975, in reaching its determination that it would be in the *372 best interest of the appellant and the public to transfer this case. After a careful review of the record, we find that the juvenile court's order to transfer is supported by clear and convincing evidence. O.M., 595 So.2d 514.
The order of the juvenile court transferring this cause to circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.

. For a discussion of the evolution of the burdens of proof applicable to the different phases of the transfer hearing and the accompanying standards of appellate review, see Justice Kennedy’s dissent in Ex parte J.R., 582 So.2d 444 (Ala.1991) (dissenting from the quashing of a writ of certiorari by the Alabama Supreme Court).