PATTERSON, Retired Appellate Judge.
The appellant, T.L.N., a juvenile, appeals from an order transferring his ease from the juvenile division of the Circuit Court for Mobile County to the circuit court for prosecution as an adult. The appellant and an accomplice, J.T., who was also a juvenile, were charged in two delinquency petitions with assault in the first degree (§ 13A-6-20, Code of Alabama 1975) and robbery in the first *262 degree (§ 13A-8-41). The state filed a petition to transfer the appellant’s and J.T.’s case to the circuit court so that they could be tried as adults. After a transfer hearing, the juvenile court granted the state’s petition as to both juveniles. This appeal is from the court’s transfer order as to the appellant, T.L.N., only.
The evidence presented at the transfer hearing shows that the appellant and J.T. entered the business establishment of William Kidd, and that each drew .22 caliber pistols, pointed them at Kidd and his manager, Laurette Collins, and demanded the keys to Kidd’s truck and his wallet. Kidd handed them- his wallet and keys, and as they were leaving, the appellant, apparently without provocation, shot Kidd in the chest. They left in the truck. The truck was recovered two days later and the two .22 caliber pistols were found in the truck. The appellant and J.T. were subsequently apprehended, and J.T. gave the police a statement confessing to the robbery and implicating the appellant in the robbery and shooting. The appellant made no statement and did not testify at the transfer hearing.
The appellant raises one issue on appeal: whether the juvenile court’s transfer order was supported by clear and convincing evidence. There are two phases of a transfer hearing: a probable cause phase and a dispo-sitional phase. D.R.H. v. State, 615 So.2d 1327 (Ala.Cr.App.1993); R.L.S. v. State, 619 So.2d 940 (Ala.Cr.App.1993). At the probable cause phase, the court must find that “a reasonable man would believe the crime occurred and that the defendant committed it.” Duncan v. State, 394 So.2d 930, 932 (Ala.1981). It is not necessary at the transfer hearing that the state prove beyond a reasonable doubt that the appellant committed the crime charged. A transfer hearing is not a hearing to adjudicate the guilt or innocence of the accused, but instead is a probable cause hearing to determine whether the juvenile should be transferred out of juvenile court for prosecution as an adult. W.M. v. State, 607 So.2d 1303 (Ala.Cr.App.1992). The evidence presented by the state in this case was uncontradicted. The appellant and his accomplice robbed the victim of his wallet, keys, and truck, at gunpoint, and the appellant, without provocation, shot the victim in the chest as he fled. Clearly, there was sufficient evidence presented at the transfer hearing from which the juvenile court could find probable cause. In fact, the state exceeded its burden.
During the dispositional phase of the transfer hearing, the juvenile court must consider all of the following six factors:
“(1) The nature of the present alleged offense.
“(2) The extent and nature of the prior delinquency record of the child.
“(3) The nature of past treatment efforts and the nature of the response of the child to the efforts.
“(4) Demeanor.
“(5) The extent and nature of the physical and mental maturity of the child.
“(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.”
Section 12-15-34(d). The record shows that the juvenile court considered all six factors in reaching its decision to transfer the appellant’s case to the circuit court; this fact is reflected in the court’s transfer order. However, it appears from the juvenile court’s transfer order that in considering the extent and nature of the appellant’s prior delinquency record as required by § 12-15-34(d)(2) and in finding that he had a prior delinquency record, it improperly considered the following as adjudications of delinquency:
“5/20/94 Petition .01 — Disorderly conduct; warned and released.
“12/31/95 Petition .02 — CHINS; warned and released.
“1/27/96 Petition .03 — theft, 3d; 90 day decree.
“4/20/96 Petition .04 — Minor in possession of alcohol; warned and released. “6/06/96 Petition .05 — CHINS; warned and released.
“8/22//96 Petition .06 — CHINS; informal adjustment.
The six petitions are not in the record. It appears from the juvenile court’s order that petitions .02, .05., and .06 are petitions to *263 have the appellant declared a child in need of supervision — not to have him declared a delinquent. Petitions .01, .03, and .04 appear to be petitions seeking a judgment of delinquency, but the record offers no indication that any action on any of the three petitions resulted in an adjudication of delinquency. In fact, the record reflects that Probation Officer Wilborn Jones testified that the appellant had never been adjudicated a delinquent. Because we hold that a “prior delinquency record of the child” embraces only adjudications of delinquency, we find it necessary to remand this ease to the juvenile court for it to reconsider its transfer order without considering the above petitions as evidence of a record of delinquency under § 12-15-34(d)(2). We note that the juvenile court also considered the petitions when it considered factor 3, which was proper.
The juvenile court shall take all action necessary for the clerk to file a return to remand with this court within 45 days.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REMANDED WITH INSTRUCTIONS. *
All Judges concur.

 Note from the reporter of decisions: On January 30, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On April 3, 1998, that court denied rehearing, no opinion.