729 So.2d 355 (1998)
J.F.B.
v.
STATE.
No. CR-97-1331.
Court of Criminal Appeals of Alabama.
October 2, 1998.
Rehearing Denied November 20, 1998.
Certiorari Denied February 26, 1999.
*356 Charles A. McGee, Fort Payne, for appellant.
Bill Pryor, atty. gen., and Hense R. Ellis II, asst. atty. gen., for appellee.
Alabama Supreme Court 1980443.
McMILLAN, Judge.
The appellant, J.F.B., was charged with murder made capital because it was committed during a robbery; two counts of first-degree robbery; harassment; and disorderly conduct. He appeals from the juvenile court's order transferring him to circuit court to be prosecuted as an adult.

I.
The appellant asserts that the evidence at the transfer hearing was not sufficient to support his transfer for criminal prosecution. The State argues that this issue was not preserved for our review because, in his motion for a new trial, the appellant labels the issue as one challenging the "weight of the evidence." However, a review of the hearing on the motion for a new trial indicates that the juvenile court was on notice that the appellant's objection went to the sufficiency of the evidence.
A review of the evidence presented during the transfer hearing, however, demonstrates that there was sufficient evidence to support the appellant's transfer. Pursuant to § 12-15-34(a), Ala.Code 1975, a juvenile 14 years old or older may be transferred for criminal prosecution upon the State's motion if the juvenile is "alleged to have committed an act which would constitute a crime if committed by an adult." The juvenile court must make two determinations before transferring a child for criminal prosecution as an adult. First, the court must determine that there is probable cause that the child committed the alleged offense. R.L.B. v. State, 647 So.2d 803, 806 (Ala.Cr.App.1994). Secondly, during the dispositional phase, the court must determine by "clear and convincing" evidence whether a transfer is in the best interest of the child or the public. Id. at 806-07.
There was sufficient evidence presented at the transfer hearing to support the juvenile court's finding of probable cause that the appellant committed the alleged acts. At the hearing Antonio Andrade testified that three masked men, one the same height of the appellant and two taller men, entered his house and demanded money from Andrade and his two sons. Andrade had $80 and one of his sons had $800. Andrade identified the appellant as the assailant who shot and killed his son. This evidence was sufficient to support a finding of probable cause that the appellant had committed the offenses of capital murder and robbery. Billy Hooper, the assistant principal at Fort Payne High School, testified at the transfer hearing that the appellant ranted, raved, and cursed at him when Hooper told him to leave the stadium during a fight at a high school football game. Officer Chris Graham also testified that, during the same incident, the appellant got louder and reached back to swing at him *357 when he told him to leave. The testimony of Hooper and Graham was sufficient to show that the appellant had probably committed harassment and disorderly conduct. The State is not required to show at the transfer hearing beyond a reasonable doubt that the defendant committed the act, but rather that "a reasonable man would believe the crime occurred and that the defendant committed it." M.S.B. v. State, 651 So.2d 69, 71 (Ala.Cr. App.1994). Andrade's identification of the appellant was sufficient to supply probable cause to believe that the appellant committed the capital murder.
During the dispositional phase, the juvenile court judge must examine the totality of the circumstances to determine whether a transfer is in the best interest of the child or the public. Williams v. State, 494 So.2d 887, 890 (Ala.Cr.App.1986). Included in this analysis is a review of the six factors listed in § 12-15-34(d), Ala.Code 1975:
"(1) The nature of the present alleged offense.
"(2) The extent and nature of the prior delinquency record of the child.
"(3) The nature of past treatment efforts and the nature of the response of the child to the effort.
"(4) Demeanor.
"(5) The extent and nature of the physical and mental maturity of the child.
"(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline."
Section 12-15-34(d), however, does not limit the inquiry to the above factors but allows the juvenile court judge also to consider other relevant factors. This Court will overturn the juvenile court judge's decision on a transfer order only if it is "clearly erroneous"; that is, if the decision is unsupported by any rational basis and is arbitrary and capricious. Williams, 494 So.2d at 890.
The juvenile court judge's decision to transfer the appellant for criminal prosecution as an adult in this case was not arbitrary and capricious. The appellant concedes that the nature of the present offenses is very serious, and correctly states that a transfer decision cannot be based solely upon the nature of the offense, citing A.W.M. v. State, 627 So.2d 1148 (Ala.Cr.App.1993). However, the court's transfer order reveals that it considered more than merely the nature of the offense:
"[T]he Court having considered all motions by the State and defense counsel, having sworn witnesses and heard the evidence presented and having considered all the relevant factors, makes the following findings relative to the said juvenile:
"(1) He was 15 years of age in the cases presented this date.
"(2) He is charged with the offense(s) of Disorderly Conduct; Harassment; Capital Murder; Robbery, 1st degree and Robbery, 1st degree.
"(3) There are no reasonable grounds to believe that said juvenile is committable to an institution or agency for the mentally retarded or the mentally ill.
"(4) The said juvenile cannot be properly disciplined under juvenile law and it would be in the best interest of the community that he be placed under legal restraint and discipline.
"(5) There is probable cause for believing the allegations of the petition are true and correct."
In arriving at these findings, the juvenile court considered the appellant's prior juvenile record, including one adjudication of delinquency in Georgia. The appellant argues that the court improperly considered other charges in Georgia in which he was not adjudicated delinquent. Only those charges in which the defendant is adjudicated delinquent can be considered as part of the "prior delinquency record of the child." T.L.N. v. State, 719 So.2d 260 (Ala.Cr.App.1997). However, the appellant did not object to the admission into evidence of the record of these charges and there is no indication that the juvenile court placed undue weight on them. There was conflicting evidence regarding the appellant's demeanor, but evidence that he had threatened school and law enforcement officials was sufficient to find that his negative demeanor supported a finding that a transfer was warranted. The juvenile court judge's comments at the conclusion *358 of the transfer hearing and at the hearing on the motion for a new trial indicate that the judge placed heavy weight on the appellant's failure to take advantage of past treatment opportunities. The Georgia charges that did not result in adjudications of delinquency but did result in the appellant's having to serve in "boot camp", being committed to Georgia's Department of Youth Services, and being placed on probation, would be relevant to this issue. Furthermore, the juvenile court judge explicitly stated that he was concerned about the appellant's prior failure to appear in court, which failure occurred at the precise time the crimes involved in the present case were committed. Section 12-15-34(d) does not require that any certain weight be placed on any given factor, but that each case be considered based upon its own individual circumstances. Williams, 494 So.2d at 890. We find that the juvenile court judge's determination that the appellant be transferred for criminal prosecution as an adult was not arbitrary and capricious and is due to be affirmed.

II.
The appellant next contends that § 12-15-34(h), Ala.Code 1975, violates his rights to equal protection and due process. This Code section provides, "A child whose case is transferred for criminal prosecution shall not be granted youthful offender status." Section 12-15-34.1, Ala.Code 1975, provides that a minor 16 years or older is not subject to the jurisdiction of juvenile court but is to be tried as an adult if the minor is charged with an act that would constitute a capital offense, a Class A felony, a felony involving the use of a deadly weapon, a felony involving death or serious physical injury, a felony involving the use of a dangerous instrument against certain officials, trafficking in drugs, or any lesser included offense of the above, or lesser felony offense arising from the same facts and circumstances and committed at the same time as the above offenses. However, a person to be tried as an adult under § 12-15-34.1 may apply for youthful offender status under § 15-19-1, Ala.Code 1975. According to the appellant, 14- and 15-year-old defendants are treated differently from those juveniles 16 and older because, he argues, once 14- and 15-year-olds have been transferred for prosecution as adults under § 12-15-34, they are not allowed to apply for youthful offender status. The appellant argues that there is no rational basis for this distinction and that it effectively discriminates against 14- and 15-year-olds. Therefore, he says, his rights to equal protection have been violated.
A review of the relevant statutory provisions applicable to minors charged with a crime, § 12-15-34, § 12-15-34.1, and § 15-19-1, indicates that 14- and 15-year-olds are not discriminated against. Although there are differences in procedure, 14- and 15-year-olds are treated at least as favorably as those juveniles 16 years or older. Whereas the proceedings relating to 14- and 15-year-olds charged with a criminal offense begin in juvenile court and a determination is made there as to whether they should be transferred to circuit court, the opposite is true for those juveniles 16 years old and older. Those defendants begin in circuit court and can apply to be treated as juveniles. However, the safeguards ensuring that those who should not be treated as adults are tried in juvenile court are present under both statutory frameworks.
The procedures in § 12-15-34 for transferring a juvenile to circuit court for criminal prosecution provide the procedures and criteria for determining whether a 14- or 15-year-old should be tried as an adult or a juvenile. The factors listed in § 12-15-34(d) and quoted above provide detailed guidelines on what factors a juvenile court judge should consider before transferring such a juvenile. Section 12-15-34(f) requires the court to set forth in writing its reasons for granting a motion to transfer the juvenile for criminal prosecution. A determination by a juvenile court that a juvenile should be transferred to circuit court will be reversed only if it is arbitrary and capricious. Williams, 494 So.2d at 890. The provisions of § 15-19-1, on the other hand, do not appear to provide as many safeguards to the defendant. We summarized the manner in which a trial judge determines whether a defendant should be granted youthful offender status in *359 Goolsby v. State, 492 So.2d 635, 636 (Ala.Cr. App.1986):
"When deciding whether to grant youthful offender status, it is expected that the nature of the crime charged, along with the prior convictions of the defendant, will be considered, as well as any other matters deemed relevant by the court. Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975). No prescribed format is required. Edwards v. State, 294 Ala. 358, 317 So.2d 512 (1975). Neither is the trial court required to articulate on the record the reasons for denying youthful offender status to a defendant. Garrett v. State, 440 So.2d 1151 (Ala.Cr.App.1983). In deciding whether or not to accord youthful offender status to an accused person, the discretion of the trial judge is virtually absolute. Morgan v. State, 363 So.2d 1013 (Ala.Cr.App.1978)."
Although both § 12-15-34 and § 15-19-1 give considerable discretion to the trial judge, § 15-19-1 appears to give the judge almost unbridled discretion. It cannot be argued that those 16 years and older have more protection from being wrongfully tried as an adult than do 14- and 15-year-olds. Furthermore, it would be a waste of resources to allow those who have been transferred from juvenile court to circuit court to apply for youthful offender status. The determination by a juvenile court that a juvenile should be tried as an adult necessarily entails a finding that youthful offender status is not warranted. Therefore, there is a rational basis for § 12-15-34(h) and that provision does not violate the appellant's rights to equal protection. Furthermore, because the procedures required by § 12-15-34 are more stringent than those required by § 15-19-1, the appellant's rights to due process have likewise not been violated. The appellant's transfer to circuit court for criminal prosecution as an adult is due to be affirmed.
AFFIRMED.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.