James A. Sandifer was convicted of theft in the first degree and sentenced to five years' imprisonment. Four issues are raised on this appeal from that conviction.
 I
In a three-count indictment, Sandifer was charged with (1) third degree burglary, (2) first degree theft, and (3) receiving stolen property in the first degree. Count (3) was dismissed immediately before trial. The jury found Sandifer "Not guilty on the Burglary. Guilty on the Theft in the First Degree." Sandifer argues that because he was found not guilty of burglary there was no evidence of his intent to commit theft.
At trial, after the close of the State's evidence, defense counsel made motions for directed verdicts of acquittal "with respect" to the charges of burglary and theft but failed to state any reasons or grounds for those motions. "To preserve the issue for appeal, it is necessary for defendant to state his grounds upon moving to exclude evidence; however, it is not necessary to draw the trial court's attention to the particular defect." Ex parte Maxwell, 439 So.2d 715, 717 (Ala. 1983).
In his motion for new trial, Sandifer alleged: "1. The verdict is contrary to law," "2. The verdict is contrary to the evidence," and "3. The verdict is strongly against the weight of the evidence." Ground one of the motion for new trial is "inefficacious." Sealy v. McElroy, 288 Ala. 93, 102,257 So.2d 340, 348 (1972). "A defendant's motion for a new trial should not be granted unless it specifically points out wherein the verdict of the jury and the judgment of the court pronounced thereon is contrary to law." Little v. Peevy, 238 Ala. 106,113, 189 So. 720 (1939), followed in Trone v. State,366 So.2d 379, 380 (Ala.Cr.App. 1979). However, grounds two and three were sufficient to raise the issue of the insufficiency of the evidence and preserve it for appeal. Sealy, 288 Ala. at 102-03,257 So.2d 340; William Moneagel Co. v. Livingston,150 Ala. 562,43 So. 840, 841 (1907).
Although not so framed or worded on appeal, the essence of the defendant's argument is that the jury's verdict is inconsistent. The general rule is that " '[c]onsistency in the verdict is not necessary.' " Conway v. State, 489 So.2d 641, 642(Ala.Cr.App. 1986). Jury verdicts are "insulated from review" on this ground. Hammond v. State, 497 So.2d 558, 563
(Ala.Cr.App. 1986). The exception to that rule does not apply in this case because the crimes of burglary and theft are not mutually exclusive. Conway, 489 So.2d at 642.
 II
The State's evidence is more than adequate to support the defendant's conviction of theft. In a statement to the police, the defendant denied the burglary but admitted that he went in the house and helped his companion remove the stolen property.
 III
It is argued that the defendant was denied effective assistance of counsel because the State charged the defendant "with all possible crimes arising out of a single transaction," because the trial judge denied the motion to provide funds to hire an investigator to aid in the preparation of the defense, because defense counsel did not learn of the defendant's confession until the day of trial and spent most of his time preparing a defense for receiving stolen property, and because the State dismissed the charge of receiving stolen property the day of the trial. These allegations were initially raised by motion for new trial.
The defendant has failed to satisfy both parts of the two-part test for reviewing claims of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 *Page 648 
(1984). The defendant has not shown that counsel's performance was so deficient as to fall below an objective standard of reasonableness or that counsel's deficient performance prejudiced the defense and deprived the defendant of a fair trial. Ex parte Baldwin, 456 So.2d 129, 134 (Ala.), cert. granted, Baldwin v. Alabama, 469 U.S. 1085, 105 S.Ct. 589,83 L.Ed.2d 699 (1984), affirmed, Baldwin v. Alabama, 472 U.S. 372,105 S.Ct. 2727, 86 L.Ed.2d 300 (1985). Our review of the record convinces this Court that even assuming, for purposes of argument, that counsel's performance was deficient, there is no reasonable probability that the jury would have had a reasonable doubt respecting guilt absent the alleged errors.Baldwin, supra.
The claim of ineffectiveness of counsel was first raised in the motion for new trial. All of the things on which the claim of counsel's alleged ineffectiveness is based occurred either before or immediately before trial and concerned counsel's pretrial preparation. Because there was no request for a continuance to allow further preparation or other objection raising this issue before trial, "it does weigh against any claim of prejudice." Ex parte Kennedy, 472 So.2d 1106, 1111
(Ala.), cert. denied, Kennedy v. Alabama, 474 U.S. 975,106 S.Ct. 340, 88 L.Ed.2d 325 (1985) ("While this failure to object does not preclude review in a capital case, it does weighagainst any claim of prejudice.").
 IV
The defendant argues that his confession was improperly admitted into evidence because it was only obtained through the use of a "psychological ploy." This particular objection was not advanced at trial and is therefore not preserved for argument on appeal.
Here, the defendant confessed only after the police told him that his companion had implicated him as the "ringleader" in the burglary. "Alabama follows the general rule that 'a confession is not inadmissible merely because it was induced by a trick or misrepresentation which was not reasonably calculated to lead the accused to confess falsely.' "Barrow v. State, 494 So.2d 834, 839 (Ala.Cr.App. 1986). "Confrontation with a co-defendant's confession is not necessarily an unfair tactic or unlawfully coercive." Dunkinsv. State, 437 So.2d 1349, 1352 (Ala.Cr.App.), affirmed, Exparte Dunkins, 437 So.2d 1356 (Ala. 1983); Moore v. State,415 So.2d 1210, 1214 (Ala.Cr.App.), cert. denied, Moore v. Alabama,459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.