TYSON, Judge.
R.L.V. was arrested for robbery in the first degree in violation of § 13A-8-41(a)(l), Code of Alabama 1975. *92 He was three months short of his 18th birthday at the time of the alleged offense. He appeals from the juvenile court’s transfer order directing that he be tried as an adult. He contends that the juvenile court did not give a meaningful review of, or adequately consider the six factors enumerated in § 12-15-34(d), Code of Alabama 1975, and, thus, that the order is due to be reversed. We disagree.
An order transferring a juvenile to circuit court for criminal prosecution should not be reversed unless it is clearly erroneous. Taylor v. State, 548 So.2d 521 (Ala.Crim.App.1988); Williams v. State, 494 So.2d 887 (Ala.Crim.App.1986); Cruse v. State, 489 So.2d 694 (Ala.Crim.App.1986). In reviewing such an order, this court’s consideration is limited to whether the lower court abused its discretion, considering the totality of the circumstances. Palmer v. State, 485 So.2d 1247 (Ala.Crim.App.1986); Whisenant v. State, 466 So.2d 995 (Ala.Crim.App.1984), rev’d on other grounds, 466 So.2d 1006 (Ala.1985). “Even though some of the factors may indicate that it would be in the best interest of the child and the public to treat the youth as a juvenile, the judge may still order treatment as an adult after weighing all the factors and circumstances involved.” Whi-senant at 998 (emphasis in original). The record reveals that the appellant’s probation officer testified as to the six factors enumerated in § 12-15-34(d). The juvenile court judge also reviewed the probation officer’s report. The court’s order indicated that the six factors were considered in its determination. We note that a mere restatement of the factors set out in the statute is sufficient. Taylor; Cruse. Although this case is close, the record does not support a finding that the juvenile court abused its judicial discretion.
For the reasons set forth above, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.