TAYLOR, Judge.
This is an appeal from an order transferring the appellant from the Jefferson Juvenile Court to the circuit court for trial as an adult. The following three offenses involving the appellant were the subject of the transfer hearing: (1) unlawful breaking and entering of a vehicle — on or about May 11, 1990, the appellant is alleged to have broken into a 1984 Chevrolet Monte Carlo automobile; (2) theft of property in the first degree — on or about May 23,1990, the appellant is alleged to have stolen a 1977 Oldsmobile automobile; and (3) receiving stolen property in the first degree — appellant is alleged to have received a stolen 1986 Pontiac automobile valued at $6,000. Each of these offenses arose out of separate circumstances.
At the time of his disposition hearing, the appellant was 16 years old and had a delinquency record which included over 10 prior offenses in the juvenile system, in addition to the 3 offenses embraced in the instant appeal. At the hearing, the appellant’s probation officer testified that the appellant had exhausted all of the available resources of the juvenile system and, therefore, the officer recommended that the appellant’s be transferred to the adult system. After hearing the State’s evidence in support of the transfer, the juvenile court determined that there was probable cause to believe that the appellant had committed the offenses for which he was charged and ordered his transfer to the Circuit Court for Jefferson County. The appellant raises five issues on appeal.
I
The appellant contends that the transfer orders issued by the juvenile court do not comply with the requirements of § 12-15-34(d), Code of Alabama 1975, in that they failed to specify that the transferring court considered the factors enumerated therein. We must agree.
The transfer orders issued by the juvenile court read, in pertinent part, as follows:
“The Court having considered the relevant factors contained in Section 12-15-34, Code of Alabama 1975, finds that said child is not committable to an institution or agency for the mentally retarded or mentally ill; that the best interests of the child and public would be to grant the Motion to Transfer....”
(Emphasis added.)
If a transferring court states that all six factors of § 12-15-34(d) have been considered, then its order complies with the rules. See Ex parte Anonymous, 466 So.2d 81 (Ala.1984); Gulledge v. State, 419 So.2d 219 (Ala.1982).
The judges on this court feel that the requirements of § 12-15-34(d), Code of Alabama 1975, have not been met because the juvenile court did not make it clear whether it in fact considered all of the factors enunciated in § 12-15-34(d). Thus, we find it necessary to remand this case to the Juvenile Court for Jefferson County so that that court may verify whether all of the factors were indeed considered before *1021 it ordered the appellant transferred to the Circuit Court for Jefferson County.
In the interest of judicial economy, we will address the remaining issue which appellant raises on appeal.
II
The appellant contends that the written statement he gave police concern-Iing the May 23 theft was the result of coercion and therefore was not voluntarily given and should have been excluded from the evidence at the hearing. He asserts that this statement was given only after being told that his cohorts, who had also been arrested, had implicated him and that he “need[ed] to talk to Officer Fowler” and “tell him the truth one way or the other.” The appellant maintains that these comments by the police officers constituted coercion.
In order for the appellant’s statement to be admissible, it must be shown that he was informed of his Miranda rights and that he voluntarily waived these rights before making the statement. Jackson v. State, 562 So.2d 1373 (Ala.Cr.App.1990). In the present case, evidence was presented which confirmed that the appellant was informed of his Miranda rights in accordance with Rule 11(A) A.R.Juv.P. Therefore, we have to determine only whether the comments made to the appellant by the police officers constituted coercion so as to make the appellant’s statement involuntary.
The comments “you need to talk to Officer Fowler” and “tell him the truth one way or the other,” in and of themselves, do not constitute coercion. Instructions by police officers that the accused should tell the truth do not constitute inducement which would render the accused’s statement involuntary. Smith v. State, 518 So.2d 174 (Ala.Cr.App.1987). Likewise, the statement to the appellant that he had been implicated in the crime by others who were arrested with him was also not coercive. Informing the accused of possible evidence of his guilt is not coercion and will not render the accused’s statement inadmissible. Jackson, supra, 562 So.2d at 1382.
We find that the statement was not coerced and was correctly received into evidence.
Ill
The appellant also claims that his written statement was unsigned and uncorroborated and was therefore “insufficient to sustain a finding of probable cause.” This statement was the only direct evidence presented concerning the charge of receiving stolen property. The appellant correctly refers to § 12-15-66(b), Code of Alabama 1975, as requiring that an extrajudicial admission by a juvenile be corroborated by other evidence in order to supply probable cause.
Where a juvenile’s statement is corroborated by the physical details of the crime itself, such that only the perpetrator of the crime would have knowledge of such details, then probable cause may be found based on the totality of the circumstances. See Chambers v. State, 497 So.2d 607 (Ala.Cr.App.1986); Whisenant v. State, 466 So.2d 995 (Ala.Cr.App.1984), rev’d on other grounds, 466 So.2d 1006 (Ala.1985). In the case now before us, the appellant’s written statement included information on where the car was stolen, who actually stole the vehicle, and where it was to be delivered. Taking these disclosures into consideration, the juvenile court expressly stated that the evidence presented was “certainly sufficient for probable cause.” This court will overturn the decision of a transferring court only if the decision to transfer is clearly erroneous. Minor v. State, 502 So.2d 778 (Ala.Cr.App.1986). Therefore, we find that the juvenile court correctly considered the unsigned statement of the appellant in its finding of probable cause.
IY
The appellant next contends that the State failed to prove the value of the stolen vehicle, a necessary element of the charge of receiving stolen property in the first degree. At the end of the State’s direct examination of the investigating officer, *1022 the appellant made a motion to dismiss the transfer petition because the element of value of the stolen vehicle had not been proven. The juvenile court denied this motion as premature because the State had not yet rested their case. On redirect examination, the State, over objection, elicited testimony from the officer sufficient to establish value.
It is clear that the juvenile court was correct in denying the appellant’s motion as premature. It was within the discretion of the juvenile court to allow the State to present evidence regarding value on redirect examination. Gautney v. State, 284, Ala. 82, 222 So.2d 175 (Ala.1969).
V
The appellant finally alleges that the juvenile court failed to give meaningful consideration to the nature and extent of his physical and mental maturity as required by § 12-15-34(d)(5). Specifically, the appellant asserts that the court relied on a mental evaluation which was prepared 13 months prior to the transfer hearing.
We note that according to § 12-15-34(d), physical and mental maturity is but one of the factors that the transferring court must consider in determining whether the motion to transfer should be granted. In reaching its determination, it is up to the court to decide how much weight is to be given each factor. Palmer v. State, 485 So.2d 1247 (Ala.Cr.App.1986). Furthermore, the transferring court may rely solely on its own independent determination of the juvenile’s mental state. Williams v. State, 494 So.2d 887 (Ala.Cr.App.1986).
In the present case, the appellant offered no evidence that would indicate a deterioration of his mental maturity from the time of the report to the time of transfer. In addition, the juvenile court had the opportunity to observe the appellant’s level of maturity on several occasions. Therefore, it is evident that the court fulfilled the requirements of § 12-15-34(d)(5).
Thus, for the reasons stated in part I above, this case is remanded to the Juvenile Court for Jefferson County for proceedings consistent with this opinion. Due return should be filed with this court within 90 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.