JAMES H. FAULKNER, Retired Justice.
On December 13, 1991, two petitions were signed against A.H. in Walker County Juvenile Court, charging him with burglary in the third degree and with theft in the first degree. On January 2, 1991, another petition was signed against him in the same court, charging him with another count of theft in the first degree. In seven additional petitions signed against A.H. in the same court on January 3, 1992, he was charged with attempted murder; two counts of the burglary of an automobile; receiving stolen property in the first degree; and three counts of receiving stolen property in the second degree.
On January 6, 1992, the district attorney filed a motion to transfer A.H. to circuit court for trial as an adult on the charges contained in the 10 petitions. On January 7, 1992, a hearing was held, and at the conclusion of the hearing, the circuit judge issued an order transferring A.H. to circuit court. Three issues are raised on appeal.
I
A.H. contends that the motion to transfer him from juvenile court to circuit court was never served on him or on his attorney and that this lack of service renders the trial court’s transfer order clearly erroneous because of the lack of in personam jurisdiction.
The State filed its motion to transfer on January 6, 1992. Although the motion does not contain a certificate of service, both A.H. and defense counsel Glenda Hudson, who is also serving as appellate counsel, were present at the hearing on the motion to transfer, which was set for January 7, 1992, before Circuit Judge James C. Brotherton.
At the beginning of the hearing, the court specifically asked if A.H. understood that he was present for the court to determine whether he was to be transferred to circuit court and prosecuted as an adult, and A.H. answered the court affirmatively. At no time during this hearing or in his motion for reconsideration did A.H. or defense counsel object to the alleged lack of notice or improper service of process.
Rule 1, A.R.Juv.P., provides that where an issue is not dealt with specifically in the *215 juvenile rules or by statute, then the Rules of Civil Procedure apply. Because this issue is not specifically addressed in the Rules of Juvenile Procedure, the Rules of Civil Procedure apply.
Rule 5, A.R.Civ.P., addresses the service and filing of pleadings and other papers. Section (a) of this rule states that every pleading subsequent to the original complaint shall be served upon each of the parties. Section (b), which provides for the method of service, states: “Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court.” In the case sub judice, the juvenile court did not order personal service upon A.H. Hence, service of the transfer motion upon counsel would have been proper under Rule 5, A.R.Civ.P.
Although defense counsel contends that the motion to transfer was never served upon her, both defense counsel and A.H. entered a general appearance at the hearing on the motion to transfer and opposed the motion on substantive grounds at the hearing.
A plea questioning the court’s jurisdiction should be filed before a general appearance is made or the appearance acts as a tacit admission that the court has a right to judge. Ex parte ACK Radio Supply Co. of Georgia, 283 Ala. 630, 219 So.2d 880 (Ala.1969). A defendant’s general appearance by filing motions to dismiss and to quash a garnishment cured any defects in service upon him before that time. Pridgen v. Head, 282 Ala. 193, 210 So.2d 426 (Ala.1968).
We therefore hold that the general appearance of A.H. and defense counsel at the transfer hearing, wherein no objection was raised based on insufficiency of service of process, constituted a waiver of any defects in service upon him before his appearance.
II
A.H. contends that the trial court did not follow Rule 24, A.R.Juv.P., at the transfer hearing because, he says, the court failed to explain A.H.’s rights and to state the allegations and the substance of the petition and the alternatives available to the court.
Rule 24, A.R.Juv.P., is designed to protect the due process rights of the juvenile. Ex parte Anonymous, 466 So.2d 81 (Ala.1984). However, failure by the trial court to give the juvenile the explanations required by Rule 24 will constitute reversible error only if there was a proper and timely objection. Where there is no objection, no error was preserved and error cannot be asserted for the first time on appeal. Ex parte Brown, 540 So.2d 740 (Ala.1989).
At no time during the transfer hearing or in A.H.’s motion for reconsideration did A.H. or defense counsel object to the court’s alleged failure to give the explanations required by Rule 24. Hence, this issue is also not preserved for appeal.
Ill
A.H. contends that the transfer order is defective because it does not contain language indicating that the court considered the six factors delineated in § 12-15-34(d), Code of Alabama 1975, before ordering transfer to circuit court. In particular, A.H. contends that the order does not contain language indicating that the trial court considered the nature and extent of the juvenile’s prior delinquency record as required by § 12-15-34(d)(2), Code of Alabama 1975.
At no time during the transfer hearing or in A.H.’s motion for reconsideration did A.H. or defense counsel object to the court’s alleged failure to consider the six factors delineated in § 12-15-34(d), Code of Alabama 1975. Where there is no objection, and therefore no adverse ruling from the trial court on an issue, the issue is waived. Shedd v. State, 505 So.2d 1306 (Ala.Cr.App.1987).
We note that had this issue been properly preserved for appeal, A.H.’s juvenile probation officer filed a certification report, which notes the extent and nature of A.H.’s prior record and which is included in *216 the record considered by the trial court at the transfer hearing. At the transfer hearing, moreover, testimony was taken as to A.H.’s prior criminal history. It would therefore appear that the trial court did consider the nature and extent of prior delinquency record in determining whether the motion to transfer should be granted.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.