650 So.2d 949 (1993)
S.B.
v.
STATE.
CR-92-0873.
Court of Criminal Appeals of Alabama.
December 3, 1993.
Rehearing Denied January 21, 1994.
*950 Timothy B. Davis, Alexander City, for appellant.
James H. Evans, Atty. Gen., and Gregory O. Griffin, Sr., Asst. Atty. Gen., for appellee.
MONTIEL, Judge.
The appellant, S.B., appeals from an order of the juvenile court transferring him to circuit court to be tried as an adult on one count of murder, in violation of § 13A-6-2, Code of Alabama 1975, and one count of attempted murder, in violation of §§ 13A-6-2 and 13A-4-2, Code of Alabama 1975.
At the hearing on the State's motion to transfer, the evidence tended to establish the following. On January 30, 1993, the appellant fired a shotgun into a moving vehicle transporting eight people. One person in the vehicle was killed and another injured. The individual killed was the appellant's uncle. Officer Cliff McGinnis testified that the appellant had had an altercation earlier that day with two individuals. Officer McGinnis further stated that there was no evidence at the scene to support the appellant's statement that the individuals shot were shooting at him. He stated that the appellant was not disrespectful when he was arrested.
Investigator Danny Hester testified that the vehicle was moving away from the appellant when he shot into it and that although there was evidence that the vehicle had a gun rack and that there were guns in the rack, the appellant was the only individual who fired a weapon. Statements from friends of the appellant who were in the area that day reflect that the appellant fired the weapon into the vehicle but that no one fired a weapon at the appellant.
Bryan Lynn testified for the defense. Lynn testified that he was with the appellant before the shooting, but that he was not present at the shooting. He stated that the appellant is a peaceful individual and that he had never heard the appellant talk about guns or fighting. Lynn stated, however, that earlier that day he asked the appellant whether anyone had guns because he said he was concerned over the altercation that had taken place.
The trial court found probable cause to believe that the appellant had committed the offenses for which he was charged. After finding probable cause, the trial court stated for the record the six factors set forth in *951 § 12-15-34(d), Code of Alabama 1975, that he would consider at the dispositional phase of the hearing. Randall Wilkins, the juvenile court probation officer who prepared a report regarding the appellant, testified that the appellant had no history of delinquency and that the appellant was classified as "learning disabled." Wilkins testified that he considered the appellant to be a child and that he did not believe that the appellant was a threat to the community. However, Wilkins stated that he believed anyone charged with a Class A felony should be tried as an adult. He stated that, based upon his training and experience, he did not believe that the appellant should be treated in the juvenile system because, he said, the juvenile would remain with the juvenile system only about six months and because he believed that the juvenile system offers adequate treatment only for less serious offenders.
The appellant's grandfather (who was the victim's father) testified for the appellant. He stated that the appellant and the deceased did not have any altercations. Brooks testified that the appellant has shown remorse over the victim's death and stated that he wanted the appellant to be treated as a juvenile. He stated that the victim's mother wanted the appellant tried as an adult.
The appellant's high school football coach testified that the appellant has never been a problem in the community. He stated that he believed the appellant was maturing mentally and that he was a good athlete. He testified that although the appellant has the physical maturity of a 16-, 17-, or 18-year old, there are times when he acts younger. He further stated that the appellant's grades in school were average.

I
The appellant argues that the trial court's order transferring him to the circuit court for prosecution as an adult is defective because, he says, it does not reflect that the judge considered each of the six factors set forth in § 12-15-34(d), Code of Alabama 1975, nor does the order cite the relevant Code section.
The order does reflect that the trial judge considered the nature of the offense; the appellant's age, physical and mental maturity, demeanor; and the interests of the appellant and the community. However, the order fails to reflect whether the judge considered the lack of a delinquency record and a lack of past treatment in the juvenile system. Therefore, the appellant argues, the judge's order does not comply with § 12-15-34.
This issue has not been preserved for our review because the appellant made no objection and filed no motion for reconsideration on the ground of the alleged defect in the order. A.H. v. State, 601 So.2d 213, 215 (Ala.Crim.App.1992).
Even had this issue been properly preserved, however, the juvenile court's order is not due to be set aside. The record reflects that the juvenile judge was aware of each of the six factors he was to consider at the dispositional phase of the hearing and that he even enunciated the factors before beginning the dispositional phase. Moreover, the record reflects that the juvenile judge did consider evidence of each of the factors and that it was known to the judge that the appellant had no prior delinquency record and no past juvenile system treatment.
The juvenile court need not make a specific finding as to each of the six factors set forth in 12-15-34(d). A.M. v. State, 623 So.2d 421 (Ala.Crim.App.1993). This Court has stated that the juvenile court's order "must contain some statement that all the factors were considered, in order for this court to determine that the statutory requirements of the statute have been met." Id. (citing Taylor v. State, 507 So.2d 1034 (Ala.Crim.App.1987).
While the order in this case fails to cite to § 12-15-34 and omits specific reference to two statutory factors listed in that Code section, the case is not due to be reversed for that reason. In A.H., 601 So.2d at 215-16, this court held that an order that omitted specific reference to the juvenile's prior delinquency record was not due to be set aside. In A.H., this court stated that the record contained the juvenile's certification report from a probation officer, which showed any delinquency, and that testimony was taken in *952 regard to the nature and extent of any prior delinquency record; therefore, we held that it appeared that the trial court did consider that factor in determining whether to grant the motion to transfer, even though the order did not affirmatively say so. Id.
Here, there was testimony that the appellant had no prior delinquency record, and a probation report in the record reflects that the appellant had no prior delinquency record and no past treatment in the juvenile system. Thus, as in A.H., because it clearly appears that the juvenile judge considered these factors, the order transferring the appellant to be tried as an adult is not due to be set aside.

II
The appellant also argues that the trial court abused its discretion in transferring the appellant to the circuit court for prosecution as an adult because, he says, the evidence presented as to the six factors set forth in § 12-15-34 does not support the decision to try him as an adult. The weighing and balancing of the six statutory factors in determining whether to transfer a juvenile to circuit court for adult prosecution "does not involve the mere tallying of the circumstances for numerical comparison." A.M., 623 So.2d at 426; see also N.D.T. v. State, 592 So.2d 647 (Ala.Crim.App.1991). One statutory factor may outweigh the others. Id.
This court must find clear and convincing evidence in the record to affirm the juvenile court's decision at the dispositional phase that it is in the best interests of the child and the community to transfer the child for criminal prosecution. O.M. v. State, 595 So.2d 514 (Ala.Crim.App.1991); (W.T.K. v. State, 598 So.2d 33 (Ala.Crim.App.1992)), cert. quashed, 595 So.2d 528 (Ala.1992). Although the record reflects that the appellant had no prior delinquency record and no prior treatment in the juvenile system, there was probable cause to believe that the appellant committed murder, that he was 16 years old at the time, that he had no need for a weapon, that he was not provoked and the killing was not in self-defense, and that the appellant is physically mature and of developing mental maturity with no mental deficiencies. In conjunction with the seriousness of the offense, the State presented clear and convincing evidence that it is in the best interests of the appellant and the community to transfer the appellant to circuit court for criminal prosecution.
The order of the juvenile court is due to be affirmed.
AFFIRMED.
PATTERSON and McMILLAN, JJ., concur.
BOWEN, P.J., dissents with opinion, in which TAYLOR, J., joins.
BOWEN, Presiding Judge, dissenting.
Section 12-15-34(f), Ala.Code 1975, mandates that "[w]hen a person is transferred for criminal prosecution, the court shall set forth in writing its reasons for granting the motion...." This Court has interpreted that section to require that a transfer order must reflect consideration of all six statutory factors listed in § 12-15-34(d). See Jelks v. State, 522 So.2d 11 (Ala.Cr.App.1988); Stubbs v. State, 522 So.2d 9 (Ala.Cr.App. 1988).
This cause should be remanded for the preparation of a new order reflecting that the juvenile court considered all six statutory factors set forth in Ala.Code 1975, § 12-15-34(d). I do not believe that an order in compliance with the requirements of § 12-15-34 should be subject to waiver, just as compliance with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), in an order revoking probation is not subject to waiver. See Ex parte Helton, 578 So.2d 1379 (Ala.1990).
For this reason, I must dissent.