BOWEN, Presiding Judge.
The appellant, M.B.,[1] was adjudicated delinquent on a petition charging him with assault in the third degree. He was placed on probation for six months, was ordered to perform twenty-five hours of community service, and was ordered to pay court costs and the fees of his appointed attorney.
I
The appellant contends that the record on appeal does not contain an adequate and correct transcript of the proceedings before the juvenile court. Specifically, he complains that there are several instances in the transcript where the court reporter has reported a witness’s answer to a question as “No audible response.”
On July 8, 1993, the juvenile court judge certified the transcript of the proceedings as “adequate and correct.” The record contains *491 no objection to this certification and no motion to supplement or correct the record pursuant to Rule 10(g), A.R.App.P. Compare Rika v. State, 587 So.2d 1054, 1055-57 (Ala.Cr.App.1991) (appellant heavily contested accuracy of transcript in the trial court). Consequently, this issue has not been properly preserved for this Court’s review. See Pope v. State, 345 So.2d 1388, 1390 (Ala.Cr.App.1976) (“[t]he trial court is the proper forum to determine whether or not it is possible to provide an accurate transcript”).
II
As two separate issues, the appellant maintains that the evidence was not sufficient to support his adjudication. In one issue, he contends that there was no evidence of physical injury to the victim; in the second, he contends that there was no evidence of intent to cause physical injury. The appellant did not make a motion for a judgment of acquittal, either at the close of the State’s evidence or at the close of all the evidence. See Rule 20.2(a), A.R.Crim.P. Compare Ex parte G.G., 601 So.2d 890, 891 (Ala.1992) (holding “that the trial court erred in denying G.G.’s motion for judgment of acquittal (A.R.Crim.P., Rule 20.2), which was made after the close of the State’s argument”); B.E.S. v. State, 629 So.2d 761, 763 n. 2 (Ala.Cr.App.1993) (noting that “[ajfter the State had presented its witnesses, counsel for [co-defendant] D.S. moved that the petition against D.S. be dismissed because ‘the State just has not sustained the petition’ ”). The record before us does not contain a post-adjudication motion for a judgment of acquittal, see Rule 20.3(a), or a motion for a new trial, see Rule 24.1.[2] Because the sufficiency of the evidence was never challenged in any manner in juvenile court, these issues have not been properly preserved for our review.[3] See, e.g., Hammond v. State, 502 So.2d 843, 844-45 (Ala.Cr.App.1986), cert. denied, 482 U.S. 917, 107 S.Ct. 3193, 96 L.Ed.2d 681 (1987); Sprinkle v. State, 368 So.2d 554, 557 (Ala.Cr.App.1978), cert. quashed, 368 So.2d 565 (Ala.1979). “Even in juvenile cases, proper and timely objections are required [to preserve an issue for appellate review]. See Ex parte Brown, 540 So.2d 740, 744-45 (Ala.1989).” P.W. v. State, 625 So.2d 1207 (Ala.Cr.App.1993).
The judgment of the juvenile court is affirmed.
AFFIRMED.
All Judges concur.

. The anonymity of the juvenile is preserved as required by Rule 52, A.R.App.P.

. This Court has previously noted that while Rule 25(A), A.R.Juv.P., provides, in pertinent part, that a juvenile hearing "shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury," the Rules of Juvenile Procedure "were adopted in 1977, before the adoption of even the temporary Rules of Criminal Procedure." P.W. v. State, 625 So.2d 1207, 1209 n. 1 (Ala.Cr.App.1993). We have found it appropriate to look to the Alabama Rules of Criminal Procedure “for guidance on matters, such as sentencing, that are not covered by the Rules of Civil Procedure." Id. The Rules of Civil Procedure do provide for motions similar to a motion for a judgment of acquittal. See Rule 50(a), A.R.Civ.P. (motion for a directed verdict); Rule 50(b), A.R.Civ.P. (motion for judgment notwithstanding the verdict). In civil cases, a motion for a directed verdict may be made at the close of the plaintiff's case or at the close of all the evidence. However, a post-trial motion for judgment notwithstanding the verdict may not be made unless a motion for directed verdict was made during trial. See Rule 50(b), A.R.Civ.P.; Barnes v. Dale, 530 So.2d 770 (Ala.1988). In contrast, a post-trial motion for a judgment of acquittal may be made in criminal cases regardless of whether such a motion was made at trial. See Rule 20.3(a), A.R.Crim.P. Because the Rules of Civil Procedure are more stringent with regard to post-trial or, in the case of juveniles, post-adjudication motions, we deem it appropriate to apply the Alabama Rules of Criminal Procedure concerning motions for a judgment of acquittal to juvenile cases. See Ex parte G.G., 601 So.2d 890, 891 (Ala.1992), wherein the Alabama Supreme Court indicated that a motion for a judgment of acquittal pursuant to the Alabama Rules of Criminal Procedure is properly made in juvenile cases.

. Because the trial court did not make written findings of fact in this case, the provision of Rule 52(b), A.R.Civ.P., that the issue of the sufficiency *492 of the evidence may be raised whether or not an objection has been made does not apply. See generally Ex parte Vaughn, 495 So.2d 83 (Ala.1986).