BOWEN, Presiding Judge.
The appellant, Lorenzo Broaden, was convicted of the unlawful possession of marijuana in the first degree and was sentenced to ten years’ imprisonment (split with three years’ incarceration and three years’ supervised probation). He raises two issues on this direct appeal from that conviction.
I
The appellant claims error in the admission of two audio tape recorded conversations between codefendant Alford Hunter and Rannie McCrary. McCrary was the police informant in this case. On the day before the sale occurred, McCrary contacted Hunter by telephone on two occasions and made arrangements for the purchase of four pounds of marijuana. The sale was to occur at Doby’s Hotel. Hunter told McCrary that “somebody else” would be with him and that they would be in a Chevrolet IROC Camaro automobile. Although the appellant’s brother owned an IROC Camaro, that automobile was inoperable on the day of the sale and was parked at the residence of the appellant’s parents where the appellant was living at that time. Hunter and the appellant arrived at the hotel in a Cadillac automobile owned by the appellant’s father’s. Hunter introduced the appellant as his “partner.” The appellant gave Hunter $2,000 and Hunter then gave hhe money to McCrary in payment for two pounds of marijuana. The appellant offered to give McCrary the Cama-ro as collateral for the other two pounds of marijuana, but McCrary declined the offer. At that point the police made the arrest.
The admissibility of statements by a coconspirator made outside the presence or hearing of the defendant represent an exception to the hearsay rule. “ ‘Where proof of a conspiracy exists, any act or statement by an accused’s eoeonspirator in the commission of the crime, done or made before the commission of the crime, during the existence of the conspiracy and in the furtherance of a plan or design, is admissible against the accused.’” Deutcsh v. State, 610 So.2d 1212, 1222 (Ala.Cr.App.1992). Here, there was substantial proof of the existence of a conspiracy between the appellant, who supplied the money used to purchase the marijuana, and Hunter, who arranged for the purchase. “The existence of a conspiracy ‘may be inferred from all of the facts and circumstances surrounding the transaction.’ ” Deutcsh, 610 So.2d at 1222. The telephone conversations between Hunter and McCrary were properly admitted into evidence.
II
The appellant argues that his conviction should be reversed on the basis of prose-cutorial misconduct. He asserts that the prosecutor improperly created the inference that the appellant was guilty because the appellant’s father had committed a similar crime. The appellant argues that the cumulative effect of the prosecutor’s repeated *1304 questions and insinuations regarding his father’s involvement with illegal drugs ineradicably prejudiced the jury by creating the impression that the appellant was involved in other illegal drug activity not charged in the indictment. We reject these contentions.
This issue arises from the following portions of the record.
On cross-examination of the appellant’s mother by the prosecutor the following occurred:
“Q. [Mr. Hitson, assistant district attorney] Has [the appellant] been exposed to marijuana at your house?
“A. [The appellant’s mother] Oh, yes, uh huh; my husband had been into it one time.
“Q. Let’s talk about that. Your husband has been into it?
“A. Uh huh.
“Mr. Law [defense counsel]: Judge, I object to this line of questioning, what his father has been into, what his record is.
“A. But that’s not him.
“THE COURT: I sustain as to form.
“Q. He has been exposed to marijuana at your house; it has been out in the open at your house, hasn’t it?
“A. What do you mean?
“Q. Has your son been exposed to seeing large amounts of marijuana, large quantities of marijuana, at your house?
“A. I just told you my husband used to deal in it, yes, sir; but he don’t deal in it.
“MR. LAW: Judge, I object, and I ask that be stricken.
“THE COURT: I agree with you, I sustain your objection; but that was a voluntary statement.
“MR. LAW: I ask the Court to instruct the jury to disregard it. He’s not on trial for what his father has done.
“THE COURT: I’ll say that, he’s not on trial for something someone else may have done. What he may have done himself may have a bearing on what the law calls predisposition as to this defense of what the law calls entrapment. But what somebody else may or may not have done, the Court sustains the objection to that.
“MR. HITSON: I’m not asking what somebody else may have done.
“THE COURT: I understand.
“Q. I’m asking you merely has he been exposed to marijuana at your house?
“A. I just answered that, sir.
“Q. In the affirmative; am I correct? He has been exposed to marijuana?
“A. He has seen it, yes, sir.
“Q. And he has seen large quantities at your house?
“A. I don’t know that he’s seen large quantities. What O’Neal did O’Neal did.
“MR. LAW: I object, judge.
“THE COURT: I sustain what someone else did.
“MR. HITSON: For the record I’m not asking her what someone else did.” R. 163-65.
On direct examination, defense counsel elicited the appellant’s testimony that he had seen a “grocery sack full of marijuana” before. R. 173. On cross-examination of the appellant by the prosecutor the following occurred:
“Q. All right. Is it your testimony that you feel like you were entrapped?
“A. Yes, sir.
“Q. And you were entrapped by Alfred Hunter; is that what I understand?
“A. Yes, sir.
“Q. Have you ever been exposed to marijuana?
“A. Yes, sir.
“Q. You have been around it all of your life; haven’t you?
“A. Yes, sir.
“Q. You have seen the fruits that it can bring you in cash and things, possessions; haven’t you?
“A. Can you repeat the question?
“Q. You have seen what the marijuana trade can bring you in terms of lots of money, lots of cash money; haven’t you?
“A. Yeah, I’ve seen what it can do.
“Q. In fact, you’ve seen that personally?
“MR. LAW: Judge, I ask that — ■
“THE COURT: I sustain.
*1305 “MR. LAW: I object.
“THE COURT: I sustain.
“MR. LAW: The inference is still there.
“THE COURT: I told the jury once before—
“MR. LAW: Due to the fact it has been before the jury, and I do realize the Court instructed the jury; but I feel it has tainted the jury and I ask for a mistrial.
“THE COURT: Overruled. Let’s move along.” R. 188-85.
Here, the fact that the appellant’s father had been involved with marijuana was injected into the trial by the nonresponsive answer of the appellant’s mother. The objections of defense counsel were untimely. “To be timely, an objection must be interposed as soon as the ground for the objection becomes apparent.” Watson v. State, 439 So.2d 762, 769 (Ala.Cr.App.1983).
It appeal’s to this Court and we find it significant that the matter of the appellant’s father’s illegal drug activity was not specifically elicited by the prosecutor’s questions and that the objectionable response was in response to a line of legitimate questions by the prosecutor. See Connolly v. State, 539 So .2d 436, 439 (Ala.Cr.App.1988). Because the appellant was claiming that he was entrapped, the prosecutor was entitled to delve into the appellant’s predisposition to commit the charged offense. Jones v. State, 611 So.2d 466, 471-72 (Ala.Cr.App.1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.