BOWEN, Presiding Judge.
This is an appeal from the order of the Juvenile Court of Tallapoosa County ordering the transfer of the appellant, R.L.B., to circuit court for criminal prosecution as an adult on a charge of robbery in the first degree.
I
The crime charged involves the robbery of Dewitt Starnes, a pizza delivery driver, in Alexander City, Alabama, on the evening of January 2, 1994. The appellant’s alleged accomphces in this robbery were R.K.L. and T.W. The petitions against the appellant and R.K.L. were heard at the same transfer hearing.
At that hearing, Starnes testified that he was robbed at gunpoint at approximately 7:20 on the evening of January 2, 1994, at 806 “E” Street by a masked individual who took *804 the pizzas he was delivering, $130 cash he had in his pocket, a bank bag containing $20, and his wallet, watch, and knife, and gave those items to the appellant. Starnes positively identified the appellant as a participant in the robbery, but could not identify the person with the pistol. Starnes testified that he was robbed while he was attempting to deliver a pizza to 806 “E” Street and that the order had been telephoned in by a person named “Johnson,” whose telephone number was 329-8876.
Latasha Thomas testified that T.W., the appellant, and R.K.L. (who was her nephew and who lived with her) were at her residence at 721 Malibu Circle on the evening of January 2. She stated that at approximately 7:30 that evening, the three left her house on foot. Her telephone number was 329-8876. She stated that “E” Street is located “[ajcross the highway” from Malibu Circle. R. 36. She testified that she saw T.W. using the telephone while the three young men were at her residence.
Alexander City Police Department Investigator Steve Morgan testified that telephone number 329-8876 is listed for the residence located at 721 Malibu Circle. That residence is “250 to 300 yards” from 806 “E” Street. R. 41. Morgan testified to the contents of a statement given by R.K.L. R. 43. However, the juvenile court judge thereafter excluded the statement. R. 45.
Morgan also testified that he obtained statements from the appellant and T.W. He testified that T.W. was currently incarcerated in the Tallapoosa County Jail. The attorneys for both the appellant and R.K.L. objected to the admission of T.W.’s statement. Initially, the juvenile court judge sustained those objections, although he subsequently held that he would take the issue of the admissibility of T.W.’s statement under advisement.
“COURT: Back on the record. Gentlemen, I have spent some time going through this case. This goes not only to O.M. v. State, 595 So.2d 514 [ (Ala.Cr.App. 1991) ], this case not only goes to the issue of hearsay being admissible or inadmissible at a transfer hearing, there is a collateral issue, but the cent[ral] part and the subject of this case, actually goes to whether or not the charged juvenile has a violated right of confrontation. In this case, the witness/statement is actually made by a codefendant. The requirement of this case is that the witness would be unavailable. Because of the Fifth Amendment of the U.S. Constitution, this is an unavailable witness. He has an absolute Fifth Amendment right, that I don’t see how this ease or any other case can circumvent.
[[Image here]]
“I agree with you and I sustained the objection up until the time that I actually sat down in the last five or ten minutes and read the case. And, I think that it’s going to fall that you have someone who is unavailable.
[[Image here]]
“The way I read it, this goes to the right to confrontation and from what the case says, I do not believe that a codefendant, actually charged, can be seen as an available witness. Mr. Lowe [the prosecutor], as I said, initially, I sustained the objection based on the reading of one paragraph, because, in the context of that one paragraph that’s what it says. But in the context of the ten or so pages or more that that covers, I want to say that it is admissible. If you choose not to offer it, fine.
[[Image here]]
“I’ll tell you what I’ll do based on what you just offered. I want it sealed, I will not look at the statement. It’s offered, and if, under the law it is excluded, then it will be excluded. I will issue no ruling until we have the law on it. But, with that exception, then we will go ahead and leave it open for all parties to present any other evidence today. I don’t want to put a flaw in the record when it can be avoided. I will not take an in camera inspection of the record. If I rule that it is admissible I will look at it, if not, it goes back to Mr. Lowe.” R. 47-51.
In his order of transfer, the juvenile court judge concluded that the statement was admissible:
“In the context of all evidence and testimony presented the Court finds that the *805 statement of the eodefendant is admissible at this transfer hearing. The Court specifically finds that the statement is corroborated by other sufficient evidence and that the codefendant is not available to the State.” C.R. 45.
The statement made by the alleged accomplice T.W. to Investigator Morgan implicated the appellant in the planning of the robbery. C.R. 23. This statement was clearly hearsay and was not admissible against the appellant under any of the exceptions to the hearsay rule recognized in this state. See Emphraim v. State, 627 So.2d 1102, 1105 (Ala.Cr.App.1993); cf. C. Gamble, McElroy’s Alabama Evidence § 195.03 (4th ed. 1991) (“[a] co-conspirator’s act or statement after the commission of the crime ordinarily is not admissible against the accused”) (emphasis added).
Furthermore, even if the statement had been admissible over the appellant’s objection that it was hearsay, it was not admissible over his objection that its admission denied him his Sixth Amendment right to confrontation and cross-examination. “Evidence admissible over a hearsay objection may be inadmissible because it violates the right of confrontation and cross-examination.” O.M. v. State, 595 So.2d 514, 516 (Ala.Cr.App.1991), cert. quashed, 595 So.2d 528 (Ala.1992).
“[T]he Confrontation Clause ‘operates in two separate ways to restrict the range of admissible hearsay. First, ... the Sixth Amendment establishes a rule of necessity. In the usual ease ..., the prosecution must either produce or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant.’ Second, once a witness is shown to be unavailable, ‘his statement is admissible only if it bears adequate “indicia of reliability.” Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other eases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.’”
Idaho v. Wright, 497 U.S. 805, 814-15, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638 (1990) (quoting Ohio v. Roberts, 448 U.S. 56, 65-66, 100 S.Ct. 2531, 2538-39, 65 L.Ed.2d 597 (1980)), quoted in O.M. v. State, 595 So.2d at 519.
Under Idaho v. Wright, and many of the United States Supreme Court cases that preceded it, Confrontation Clause analysis turned on two factors: the unavailability of the declarant and the reliability of the out-of-court statement. In White v. Illinois, 502 U.S. 346, 355-357, 112 S.Ct. 736, 743, 116 L.Ed.2d 848 (1992), the United States Supreme Court held that the unavailability requirement does not apply where the evidence sought to be admitted falls “within a firmly rooted exception to the hearsay rule.” See also United States v. Inadi, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986). The Court reasoned that “a statement that qualifies for admission under a ‘firmly rooted’ hearsay exception is so trustworthy that adversarial testing can be expected to add little to its reliability.” White v. Illinois, 502 U.S. at 357, 112 S.Ct. at 743. “[Wjhere proffered hearsay has sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied.” Id.
As stated in the Court’s opinion, White v. Illinois presented only the narrow question of
“whether the Confrontation Clause of the Sixth Amendment requires that, before a trial court admits testimony under the ‘spontaneous declaration’ and ‘medical examination’ exceptions to the hearsay rule, the prosecution must either produce the declarant at trial or the trial court must find that the declarant is unavailable.”
502 U.S. at 348, 112 S.Ct. at 739. In its discussion of that question, however, the Court stated: “[Unavailability analysis is a necessary part of the Confrontation Clause inquiry only when the challenged out-of-court statements were made in the course of a prior judicial proceeding.” Id. at 354, 112 S.Ct. at 741 (emphasis added).
The case cited by the juvenile court judge, O.M. v. State, 595 So.2d 514 (Ala.Cr.App. 1991), cert. quashed, 595 So.2d 528 (Ala. 1992), involved the admission of the out-of-court statements of both a nontestifying al *806 leged eyewitness and a nontestifying code-fendant. In addressing the Confrontation Clause issue raised by the juvenile defendant, this Court focused primarily on the unavailability factor. See also D.D.P. v. State, 595 So.2d 528, 585 (Ala.Cr.App.1991) (unavailability of nontestifying codefendant). While White v. Illinois calls into question the application of the unavailability factor in Confrontation Clause analysis involving statements of a nontestifying codefendant, it clearly does not abrogate the reliability requirement.
As noted above, a codefendant’s statement to law enforcement officers does not fall within any recognized exception to the hearsay rule. In fact, such a statement is “presumptively unreliable.” Lee v. Illinois, 476 U.S. 530, 589, 106 S.Ct. 2056, 2061, 90 L.Ed.2d 514 (1986). “[W]hen one person accuses another of a crime under circumstances in which the declarant stands to gain by inculpating another, the accusation is presumptively suspect and must be subjected to the scrutiny of cross-examination.” Id. at 541, 106 S.Ct. at 2062. While this presumption “may be rebutted,” id. at 543, 106 S.Ct. at 2063, there is absolutely no evidence in this case to rebut it. Consequently, the admission of the T.W.’s hearsay statement constituted error.
However, “[the] denial of the right of confrontation may, in some circumstances, constitute harmless error.” D.D.P., 595 So.2d at 533. See also O.M., 595 So.2d at 520. In D.D.P., we held that the improper admission of a codefendant’s statement was harmless as to the defendant “because [the defendant] was identified in court by [the victim], and that identification was sufficient in and of itself to establish probable cause to believe that [the defendant] committed the charged offenses.” D.D.P., 595 So.2d at 535-36. See also D.D.P., 595 So.2d at 533 (erroneously admitted fingerprint evidence harmless to defendant “because [the victim] identified [him] as one of her assailants and that identification, alone, was sufficient to establish probable cause”). Likewise, in this case, we find that the improper admission of T.W.’s statement was harmless as to the appellant because Starnes identified the appellant as one of the robbers and that identification, alone, was sufficient to establish probable cause.
II
The appellant claims that the State presented no evidence as to each of the six statutory factors that must be considered by a juvenile court judge before ordering the transfer of a juvenile defendant to circuit court for criminal prosecution as an adult. See Ala.Code 1975, § 12-15-34(d). The record tends to support that allegation.
“Transfer hearings are divided into two phases, a probable cause phase and a dis-positional phase. During the probable cause phase, the juvenile court determines whether there is probable cause to believe that the juvenile committed the alleged crime. During the dispositional phase, the juvenile court determines whether it is in the best interest of the child or the public to transfer the child to the circuit court to stand trial as an adult. § 12-15-34, Code of Alabama 1975. See A.M. v. State, [621 So.2d 369] (Ala.Cr.App.1992).
“ ‘[A] transfer hearing is not a hearing to adjudicate the guilt or innocence of the accused, but instead is a probable cause hearing, to determine whether the juvenile should be transferred out of the juvenile court for prosecution as an adult.” W.M. v. State, 607 So.2d 1303, 1304-05 (Ala.Cr.App.1992). See also Ex parte W.T.K., 586 So.2d 850 (Ala.1991); Smith v. State, 475 So.2d 633 (Ala.Cr.App.1985). With respect to a finding of probable cause, the Alabama Supreme Court held in Duncan v. State, 394 So.2d 930 (Ala.1981):
“ ‘Since the purpose of a hearing of this type is not to determine the guilt or innocence, the strict standard of proof beyond a reasonable doubt has been held not to apply. Brown [v. [State], 353 So.2d 1384 (Ala.1978)]. The only standard which must be met is whether a reasonable man would believe the crime occurred and that the defendant committed it. This court has further held that we will not interfere with a lower court’s order transferring a juvenile to circuit court unless that order is *807 clearly erroneous. Williams v. State, Ala., 361 So.2d 1157 (1978).’
“Duncan, 394 So.2d at 932. (Emphasis added.) See also Slaton v. State, 555 So.2d 814 (Ala.Cr.App.1989).
[[Image here]]
“The appellant also questions the court’s decision, in the dispositional phase of the hearing, to transfer him to circuit court. In making its decision, the trial court must consider the factors enumerated in § 12-15-34(d), Code of Alabama 1975, which states:
“ ‘(d) Evidence of the following and other relevant factors shall be considered in determining whether the motion shall be granted:
“‘(1) The nature of the present alleged offense;
“ ‘(2) The extent and nature of the child’s prior delinquency record;
“ ‘(3) The nature of past treatment efforts and the nature of the child’s response to such efforts;
“‘(4) Demeanor;
“‘(5) The extent and nature of the child’s physical and mental maturity; and
“ ‘(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.’
“Section 12-15-34(d) compels the consideration of each of the six factors listed. Jelks v. State, 522 So.2d 11 (Ala.Cr.App.1988). However, the weight to be given to each of those factors, in balancing the interests of the juvenile and society, is left to the discretion of the juvenile court judge. Palmer v. State, 485 So.2d 1247 (Ala.Cr.App.1986).
“‘[T]he weighing of the six statutory factors and other considerations in determining whether a juvenile should be transferred from the juvenile court to the circuit court for criminal prosecution as an adult does not involve “a mere tallying of the circumstances for the purpose of numerical comparison”.... Rather, it is a balancing and weighing process wherein one statutory factor may outweigh the remaining five statutory factors.’
“N.D.T. v. State, 592 So.2d 647, 650 (Ala.Cr.App.1991). The juvenile court need not make a specific finding as to each of the six factors to be considered under § 12-15-34(d), but his order must contain some statement that all the factors were considered, in order that the appellate courts can make a determination that the statutory requirements have been met. Taylor v. State, 507 So.2d 1034 (Ala.Cr.App.1987). If the transferring court states that all six factors of § 12-15-34(d) have been considered, then its order complies with the law. C.C. v. State, 586 So.2d 1018 (Ala.Cr.App.1991).
“The dispositional phase of the transfer hearing is controlled by a more rigid ‘clear and convincing’ standard of proof. W.T.K v. State, 598 So.2d 33 (Ala.Cr.App.1992), cert. denied, — U.S.—, 113 S.Ct. 173, 121 L.Ed.2d 120 (1992). Judge Bowen, speaking for this court in O.M. v. State, 595 So.2d 514 (Ala.Cr.App.1991), writ quashed, 595 So.2d 528 (1992), adopted the position taken by Justice Kennedy’s dissenting opinion in Ex parte J.R., 582 So.2d 444 (Ala.), cert. denied, 502 U.S. 837, 112 S.Ct. 122, 116 L.Ed.2d 90 (1991). Justice Kennedy’s dissenting opinion interpreted § 12-15-34, Code of Alabama 1975, to require ‘clear and convincing evidence’ to support the transfer of a juvenile to circuit court for prosecution as an adult. The dissenting opinion stated:
“ ‘[A]n appellate court must find, within the record, clear and convincing evidence in order to affirm a juvenile court’s determination at the disposition hearing that it is in the best interest of the child or the public to transfer the child for criminal prosecution.’
“582 So.2d at 447.
““‘Clear and convincing evidence is most easily defined as the evidentiary standard that lies somewhere between a preponderance of evidence and evidence probative beyond a reasonable doubt. Addington v. Texas, 441 U.S. 418, 423-24, 99 S.Ct. 1804, 1807-08, 60 L.Ed.2d 323 (1979).” Matter of K.A., 484 A.2d *808 992, 995 (D.C.App.1984). See generally 9 J. Wigmore, Evidence § 2498 (Chadbourn rev. 1981); E. Cleary, McCormick on Evidence § 340 (3d ed. 1984); 32A C.J.S. Evidence § 1023 (1964). The standard has been explained as that evidence that convinces the trier of fact that a proposition is “highly probable,” as distinguished from “more probable than not.” McBaine, Burden of Proof: Degrees of Belief 32 Calif.L.Rev. 242, 253-54 (1944).’
“D.D.P. v. State, 595 So.2d 528, 538 (Ala.Cr.App.1991).”
J.S.A. v. State, 615 So.2d 1288, 1290-91 (Ala.Cr.App.1993). See also A.D.T. v. State, 630 So.2d 165, 166 (Ala.Cr.App.1993).
Although we note that the record does contain a probation officer’s “summary report for transfer hearing”[1] (C.R. 43-44), there is no indication, other than the order of transfer itself, that the juvenile court judge ever considered that report or that the report was made available to the parties.
Although it appears that the State presented no evidence concerning the six factors found in Ala.Code 1975, § 12-15-34(d), the transfer order of the juvenile court states that “[u]pon presentation of all evidence, this Court considered all relevant factors, including but not limited to the following.” C.R. 45. The order of transfer then sets out the six factors that must be considered under § 12-15-34(d). C.R. 45. In addition, the juvenile court made specific findings that: 1) there was probable cause to believe that the appellant committed the charged robbery, 2) that the appellant was over 14 years of age, 3) “[t]hat there is no reasonable grounds to believe that the said [R.L.B.] is committable to an institution or agency for the mentally retarded or the mentally ill,” and 4) “[t]hat it is in the best interest of both the State and the defendant that the said [R.L.B.] be tried as an adult.” C.R. 46.
“There is no requirement that the transferring court make a specific finding on each of the six factors to be considered under § 12 — 15—34(d), only that the order contain some statement that those factors were considered in order that the appellate courts can make a determination that the requirements of the statute have been met....
“This court has previously held that a transfer order containing a mere restatement of the factors set out in the statute is valid.”
Mayne v. State, 416 So.2d 741, 742 (Ala. 1982). See also Taylor v. State, 507 So.2d 1034, 1037 (Ala.Cr.App.1987). The order meets all statutory requirements and reflects that all the statutory factors were considered. Under these circumstances, we must presume that the trial court did consider the probation officer’s summary report.
Furthermore, this issue has not been preserved for appellate review. This issue is presented for the first time on appeal. The appellant made no objection and filed no motion for reconsideration on the ground of the alleged defect in the order. See A.H. v. State, 601 So.2d 213, 215 (Ala.Cr.App.1992). “Even in juvenile cases, proper and timely objections are required [to preserve an issue for appellate review]. See Ex parte Brown, 540 So.2d 740, 744-45 (Ala.1989).” P.W. v. State, 625 So.2d 1207, 1209 (Ala.Cr.App.1993).
“At no time during the transfer hearing or in A.H.’s motion for reconsideration did A.H. or defense counsel object to the court’s alleged failure to consider the six factors delineated in § 12-15-34(d), Code of Alabama 1975. Where there is no objection, and therefore no adverse ruling from the trial court on an issue, the issue is waived. Shedd v. State, 505 So.2d 1306 (Ala.Cr.App.1987).”
*809 A.H. v. State, 601 So.2d 213, 215 (Ala.Cr.App.1992). See also M.B. v. State, 630 So.2d 490 (Ala.Cr.App.1993).
In tMs regard, we note that the transcript of the transfer hearing contains the following court reporter’s note: “This reporter was not present at this hearing and did not record these proceedings. This reporter is attempting to transcribe this from tapes only. The testimony of this witness is almost totally inaudible. However, whatever is audible this reporter will type.” R. 31. This note immediately precedes the testimony of Latasha Thomas.
We also note that on the “reporter’s transcript order — criminal,” the appellant’s attorney has signed both the portion of the order indicating that “the appeal will not have a court reporter’s transcript” and the portion indicating that “the appeal will have a court reporter’s transcript.” C.R. 49A. However, there is no contention that the record on appeal is incomplete.
Under these circumstances and for the above reasons, the order of the juvenile court transferring the appellant to circuit court for criminal prosecution as an adult is affirmed.
AFFIRMED.
All Judges concur.

. The "summary report for transfer hearing” is two pages long and includes a paragraph on each of the following subjects: "nature of the present alleged offense,” "nature and extent of child’s prior juvenile record,” "nature of prior treatment efforts,” “extent of child’s physical and mental maturity," "demeanor,” and "recommendation.” C.R. 43-44. These topics generally conform to Ala.Code 1975, § 12 — 15—34(d)(1), (2), (3), (5), and (4). This report did not offer any information on the factor set out in § 12 — 15— 34(d)(6) — "The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.” The report recommended that R.L.B. "not be transferred to the adult system.” C.R. 44.