BOWEN, Presiding Judge.
This is an appeal from the order of the Juvenile Court of Tallapoosa County ordering the transfer of the appellant, R.K.L., to circuit court for criminal prosecution as an adult on a charge of robbery in the first degree.
I
The crime charged involves the robbery of Dewitt Starnes, a pizza delivery driver, in Alexander City, Alabama, on the evening of January 2, 1994. The appellant’s alleged accomplices in this robbery were R.L.B. and T.W. The petitions against the appellant and R.L.B. were heard at the same transfer hearing. This Court affirmed the transfer of R.L.B. in R.L.B. v. State, 647 So.2d 803 (Aia.Cr.App.1994). A summary of the evi *587 dence presented against both R.L.B. and the appellant appears in that opinion.
In codefendant R.L.B.’s appeal, this Court held that the hearsay statement of accomplice T.W. was erroneously admitted over R.L.B.’s objection that it violated his Sixth Amendment right to confrontation and cross-examination. However, this Court went on to hold that “the improper admission of T.W’s statement was harmless as to [R.L.B.] because Starnes identified [R.L.B.] as one of the robbers and that identification, alone, was sufficient to establish probable cause.” R.L.B., 647 So.2d at 806.
Here, Starnes was unable to identify the appellant as one of the robbers. Although there is some other evidence placing the appellant in the company of R.L.B. shortly before the commission of the robbery, that evidence is circumstantial and is not sufficient in and of itself to convince this Court that the juvenile court would have found probable cause to transfer the appellant without a consideration of the codefendant’s statement. See the statement of the facts contained in R.L.B., 647 So.2d at 803-04. We cannot say that the admission of the codefendant’s statement was harmless to the appellant. See Smith v. State, 623 So.2d 369, 373 (Ala.Cr.App.1992) (“[i]n order for the harmless error doctrine to be applied in this situation, the evidence against the accused must be overwhelming”), cert. denied, — U.S. —, 114 S.Ct. 650, 126 L.Ed.2d 607 (1993). “Overwhelming evidence of, guilt does not render prejudicial error harmless under Rule 45, Ala.RApp.P.” Ex parte Love, 514 So.2d 1049, 1050 (Ala.1987). See Ex parte Greathouse, 624 So.2d 208, 211 (Ala.1993) (comment made by counsel for eodefendant was harmless where “the evidence of guilt [wa]s ‘virtually ironclad’ ”).
Therefore, the judgment of the juvenile court ordering the transfer of the appellant to circuit court for criminal prosecution as an adult is reversed. This cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TAYLOR, PATTERSON and McMILLAN, JJ., concur.
MONTIEL, J., dissents without opinion.