WINDOM, Judge.
Devane Latril Hillard appeals his conviction for first-degree robbery, á violation of § 13A-8^1, Ala.Code 1975, and his resulting sentence of 30 years in prison.
The evidence presented at trial tended to establish the following facts. On July 21, 2008, Marzine McMillian telephoned Danny “Big D” Shackelford to arrange the purchase of crack cocaine. Shackelford agreed to sell McMillian some crack, and the two planned to meet in a parking lot across from a nightclub known as Frank’s to execute the drug transaction.
According to McMillian, while he was waiting on Shackelford near Frank’s, a white car and a green truck pulled into a parking lot across the street from Frank’s. (R. 20.) Two men were in the green truck and three men were in the white car. One of the individuals waved at McMillian, indicating that he should approach the vehicles. As McMillian approached the vehicles, Jonathon Andrews, who was previously in the white car, brandished a shotgun and ordered McMil-lian not to move. At that point, McMillian turned to flee, and Andrews shot him. (R. 23.) The next thing McMillian remembered was the truck and the car speeding away.
Shortly thereafter, McMillian was taken to the hospital. While he was at the hospital, McMillian identified Shackelford as one of the individuals who robbed him. McMillian also identified Jonathon Andrews as the individual who shot him. He, however, could not identify the other individuals in the vehicles and did not know whether Hillard had been involved in the robbery.
Sergeant Ray Weihe of the Dothan Police Department was summoned to the scene to investigate the robbery and shooting. After McMillian informed Sergeant Weihe of Shackelford’s involvement in the robbery, Sergeant Weihe took Shackelford into custody. While in custody, Shackel-ford waived his right to counsel and gave a statement. According to Sergeant Weihe, Shackelford admitted his participation in the crime and stated that Hillard was involved in the planning and in the execution of the robbery. Further, through his investigation, Sergeant Weihe learned that Hillard, Jonathon Andrews, and Archawa-cha Harris, who were cousins, were the individuals in the white car and that Shackelford and Jermaine Tillman were the individuals in the green truck.
After discovering the identities of the individuals involved in the robbery, Ser *167 geant Weihe sought to arrest them. While executing a warrant for Jermaine Tillman, Sergeant Weihe learned that Archawacha Harris might be living at Melissa Brant-ley’s apartment. He and other officers went to Brantley’s apartment to look for Harris. When the officers arrived at Brantley’s apartment, they knocked on the door and Brantley answered. At that point, the officers asked for and received her consent to search the apartment. As the officers were entering the apartment, they saw Harris and arrested him.
After arresting Harris, the officers secured the remainder of the apartment. While securing the rest of the apartment, the officers found Hillard hiding in a closet in the kitchen and placed him under arrest. Later, Hillard gave a tape-recorded statement in which he admitted that he was in the room when Andrews, Shackel-ford, and the others planned the robbery. He also admitted that he rode in the car with Andrews and Harris. However, he denied that he was involved in the planning of the robbery and stated that he only rode in the car to go to Frank’s and did not think that a robbery would take place.
At trial, Hillard testified that he was with Shackelford and the others on the night of the robbery, but he did not participate in the planning or execution of the robbery. According to Hillard, he thought the men were just joking when they discussed robbing McMillian. Hillard also explained that he was hiding in Brantley’s closet when the police entered because there was an outstanding warrant for his arrest on an unrelated misdemeanor.
On appeal, Hillard argues that the circuit court abused its discretion by allowing Sergeant Weihe to testify regarding an out-of-court statement made by Shackel-ford.[1] Specifically, Hillard argues that Sergeant Weihe’s testimony regarding Shackelford’s statement that Hillard was involved in the planning and execution of the robbery was inadmissible hearsay; therefore, the circuit court erred by allowing Sergeant Weihe to testify about the statement over Hillard’s objection. The State argued at trial, and the circuit court agreed, that Shackelford’s out-of-court statement was admissible as a statement of a coconspirator in furtherance of the conspiracy. (R. 45.) (The circuit court ruled that Shackelford’s statement was “a statement by a co-conspirator ... in furtherance of the conspiracy” and overruled Hillard’s objection.) This Court disagrees.
“The admission or exclusion of evidence is a matter within the sound discretion of the trial court.” Taylor v. State, 808 So.2d 1148, 1191 (Ala.Crim.App.2000). “The question of admissibility of evidence is generally left to the discretion of the trial court, and the trial court’s determination on that question will not be reversed except upon a clear showing of abuse of discretion.” Ex parte Loggins, 771 So.2d 1093, 1103 (Ala.2000).
“Hearsay is not admissible except as provided by [the Alabama Rules of Evidence], or by other rules adopted by the Supreme Court of Alabama or by statute.” Rule 802, Ala. R. Evid. “ ‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Rule 801(c), Ala. R. Evid. Excluded from the definition of hearsay is “a statement by a coconspirator of a party during the course and in furtherance of the conspiracy,” and *168 offered against that party. Rule 801(d)(2)(E), Ala. R. Evid.
This Court has explained that “[statements made by a co-conspirator within the res gestae of the crime are admissible against the defendant.” Deardorff v. State, 6 So.3d 1205, 1218 (Ala.Crim.App.2004) (quoting Acklin v. State, 790 So.2d 975, 999 (Ala.Crim.App.2000), quoting in turn, Moore v. State, 539 So.2d 416, 420 (Ala.Crim.App.1988)). “[WJhere proof of a conspiracy exists, any act or statement by an accused’s co-conspirator in the commission of the crime, done or made before the commission of the crime, during the existence of the conspiracy and in the furtherance of a plan or design, is admissible against the accused.” Conley v. State, 354 So.2d 1172, 1177-78 (Ala.Crim.App.1977) (citations omitted). See also Duncan v. State, 827 So.2d 838, 854 (Ala.Crim.App.1999) (same); Broaden v. State, 641 So.2d 1302, 1303 (Ala.Crim.App.1994); Deutcsh v. State, 610 So.2d 1212, 1222 (Ala.Crim.App.1992). “‘In order for the extrajudicial statement of a coconspirator to qualify under the coconspirators’ exception, three distinct conditions must be met. First, the statement must have been made in furtherance of the conspiracy. Second, the statement must have been made during the pendency of the conspiracy. Finally, ... the existence of the conspiracy must be shown by independent evidence.’ ” Deutcsh v. State, 610 So.2d 1212 (Ala.Crim.App.1992) (quoting Annot., Necessity and Sufficiency of Independent Evidence of Conspiracy to Allow Admission of Extrajudicial Statements of Coconspirators, 46 A.L.R.3d 1148 (1972)). See also, Frazier v. State, 632 So.2d 1002, 1006 (Ala.Crim.App.1993) (reiterating the three conditions to the admissibility of a coconspirator’s out-of-court statement).
Regarding the first requirement, “incriminating acts or statements of one [coconspirator] after the ends of the conspiracy have been accomplished, and no longer exist, are not admissible against another.... ” Eaton v. State, 280 Ala. 659, 197 So.2d 761, 763 (1967). See also Rule 801, Ala. R. Evid., Advisory Committee’s Notes (recognizing that under both State and federal authority, a coconspirator’s statement is inadmissible if it is “made after the objectives of the conspiracy have either failed or been achieved”). Further, as the Supreme Court of the United States has explained, a “confession or admission by one coconspirator after he has been apprehended is not in any sense a furtherance of the criminal enterprise. It is rather a frustration of it.” Fiswick v. United States, 329 U.S. 211, 217, 67 S.Ct. 224, 91 L.Ed. 196 (1946). See also United States v. Cesareo-Ayala, 576 F.3d 1120, 1131 (10th Cir.2009) (“When a declarant cocon-spirator has been apprehended, his confession and admissions to law enforcement are not in furtherance of the conspiracy. Fiswick v. United States, 329 U.S. 211, 217 (1946).”); United States v. Grimmett, 236 F.3d 452, 455 (8th Cir.2001) (holding that a coconspirator’s post-arrest confession to police is not in furtherance of a conspiracy and does not fall within the coconspirator exception); United States v. Lopez, 584 F.2d 1175, 1181 (2nd Cir.1978) (same). Following this approach, Alabama courts have repeatedly held “that a nontestifying codefendant’s statement to police implicating the accused in the crime is inadmissible against the accused [and] does not fall within any recognized exception to the hearsay rule.... ” Jackson v. State, 791 So.2d 979, 1024 (Ala.Crim.App.2000) (citing Lee v. Illinois, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986); Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); R.L.B. v. State, 647 So.2d 803 (Ala.Crim.App.1994); and *169 Ephraim v. State, 627 So.2d 1102 (Ala.Crim.App.1993)).
Applying these principles, this Court holds that Shackelford’s statement is not excluded from the definition of hearsay pursuant to Rule 801(d)(2)(E), Ala. R. Evid, because his post-arrest admission to Sergeant Weihe was not during the existence of and in the furtherance of the conspiracy. Specifically, Shackelford’s statement was made after the conclusion of the robbery. Further, because Shackel-ford’s statement consisted of an admission of his and his coconspirators’ involvement in the robbery, the statement was not in furtherance of, but rather frustrated, the conspiracy. See Fiswick, 329 U.S. at 217. Accordingly, the circuit court abused its discretion in allowing the State to admit into evidence Shackelford’s hearsay statement indicating that Hillard participated in the planning and execution of the robbery.
Further, under the facts of this case, this Court cannot say that the erroneous admission of Shackelford’s hearsay statement was harmless beyond a reasonable doubt. Rule 45, Ala. R.App. P.; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Shackel-ford’s hearsay statement directly rebutted Hillard’s statement and testimony to the effect that he was present during the planning and execution of the robbery but did not participate in either. Likewise, Shack-elford’s statement negated Hillard’s testimony that he was hiding from the police because there was an outstanding warrant for his arrest on an unrelated misdemean- or charge. Although the State presented a strong case of guilt, this Court cannot say that the State’s evidence of Hillard’s guilt was so overwhelming as to render the improper admission of Shackelford’s statement directly identifying Hillard as a participant in the robbery harmless beyond a reasonable doubt.
Because Shackelford’s hearsay statement may have contributed to the jury’s verdict, this Court concludes that the erroneous admission of that statement adversely affected Hillard’s substantial rights and thus was not harmless. Rule 45, Ala. R.App. P. Accordingly, the judgment of the circuit court is reversed, and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WISE, P.J., and WELCH, KELLUM, and MAIN, JJ., concur.

. Because of our disposition of this issue, this Court will not address the second issue raised in Hillard’s brief.